# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

## (ROANOKE DIVISION)

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA; THE STATE OF ALABAMA, EX REL. LUTHER STRANGE, in his official capacity as the Attorney General of Alabama; ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT; THE COMMONWEALTH OF KENTUCKY, ENERGY AND ENVIRONMENT CABINET; THE STATE OF TENNESSEE, EX REL. HERBERT H. SLATERY III, in his official capacity as the Attorney General and Reporter of Tennessee; and THE COMMONWEALTH OF VIRGINIA, | Civil Action No.  7:16cv462  COMPLAINT |
| Plaintiffs, |  |
| v. |  |
| SOUTHERN COAL CORPORATION; JUSTICE COAL OF ALABAMA, LLC; A & G COAL CORPORATION; FOUR STAR RESOURCES LLC; INFINITY ENERGY, INC.; KENTUCKY FUEL CORPORATION; SEQUOIA ENERGY, LLC; VIRGINIA FUEL CORPORATION; NATIONAL COAL, LLC; PREMIUM COAL COMPANY, INCORPORATED; S AND H MINING INC.; AIRWAY RESOURCES, L.L.C.; BADEN RECLAMATION COMPANY; BLACK RIVER COAL, LLC; CHESTNUT LAND HOLDINGS, LLC; MEG-LYNN LAND COMPANY, INC.; NINE MILE MINING, INC.; CANE PATCH MINING CO., INC.; BLUESTONE RESOURCES INC.; DYNAMIC ENERGY, INC.; GREENTHORN, LLC; JUSTICE HIGHWALL MINING, INC.; NATIONAL RESOURCES, INC.; NUFAC MINING COMPANY, INC.; PAY CAR MINING, INC.; SECOND STERLING CORP.; AND NEWGATE DEVELOPMENT OF BECKLEY LLC |  |
| Defendants. |  |

The United States of America ("United States"), by authority of the Attorney General of the United States, and on behalf of the United States Environmental Protection Agency ("EPA"); the State of Alabama, Ex Rel. Luther Strange, Attorney General of Alabama, and the Alabama Department of Environmental Management ("ADEM"); the Commonwealth of Kentucky, Energy and Environment Cabinet; the State of Tennessee, Ex Rel. Herbert H. Slatery III, Attorney General and Reporter of Tennessee, at the request and on behalf of the Tennessee Department of Environment and Conservation ("TDEC"); and the Commonwealth of Virginia, by and through the Virginia Department of Mines, Minerals, and Energy ("VA DMME") (collectively "Plaintiffs") file this Complaint and allege as follows:

## INTRODUCTION

1.      This is a civil action brought against Southern Coal Corporation; Justice Coal of Alabama, LLC; A & G Coal Corporation; Four Star Resources LLC; Infinity Energy, Inc.; Kentucky Fuel Corporation; Sequoia Energy, LLC; Virginia Fuel Corporation; National Coal, LLC; Premium Coal Company, Incorporated; S and H Mining Inc.; Airway Resources, L.L.C.; Baden Reclamation Company; Black River Coal, LLC; Chestnut Land Holdings, LLC; Meg-Lynn Land Company, Inc.; Nine Mile Mining, Inc.; Cane Patch Mining, Co. Inc.; Bluestone Resources Inc.; Dynamic Energy, Inc.; Greenthorn, LLC; Justice Highwall Mining, Inc.; National Resources, Inc.; Nufac Mining Company, Inc.; Pay Car Mining, Inc.; Second Sterling Corp.; and Newgate Development of Beckley LLC (collectively, "Defendants") pursuant to the following statutes: (1) Sections 309(b) and (d) of the Federal Water Pollution Control Act ("Clean Water Act" or "CWA"), 33 U.S.C. §§ 1319(b) and (d); and the relevant state statutes: the Alabama Water Pollution Control Act ("AWPCA"), Section 22-22-9(m), Code of Alabama, 1975, and the Alabama Environmental Management Act, Section 22-22A-5(18), Code of

2

Alabama, 1975; Kentucky Revised Statutes ("KRS") §§ 224.99-020 and 224.99-010; the Tennessee Water Quality Control Act ("TWQCA"), Tenn. Code Ann. §§ 69-3-101 through -148; and the Virginia State Water Control Law ("SWCL"), Va. Code §§ 62.1-44.2 through -44.34:28.

2.      Defendants have violated the conditions and limitations of National Pollutant Discharge Elimination System ("NPDES") permits issued to them by the relevant State of Alabama, Commonwealth of Kentucky, State of Tennessee, Commonwealth of Virginia, and State of West Virginia pursuant to the EPA-approved permit program under Section 402 of the CWA, 33 U.S.C. § 1342(a), and the relevant AWPCA, Section 22-22-9, Code of Alabama, 1975; KRS § 224.16-050; TWQCA, Tenn. Code Ann. § 69-3-105(h); Va. Code § 45.1-254 and/or W. Va. Code § 22-11-4(a)(16).

3.      Defendants National Coal, LLC and Premium Coal Company, Incorporated have also failed to timely and/or fully respond to EPA's requests for information in violation of Section 308(a) of the CWA, 33 U.S.C. § 1318(a).

4.      Plaintiffs seek injunctive relief and/or civil penalties against the relevant Defendants for failure to timely, and/or fully respond to EPA requests for information, and to halt their NPDES permit violations and/or illegal discharges of pollutants into waters of the United States and of the State of Tennessee pursuant to Sections 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d); and the relevant provisions of AWPCA at Sections 22-22-9, Code of Alabama, 1975; the Alabama Environmental Management Act at Section 22-22A-5(18), Code of Alabama, 1975; KRS § 224.99-020; TWQCA, Tenn. Code Ann. §§ 69-3-115 and 69-3-117; and Va. Code §§ 62.1-44.21, 44.23, and 44.32.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action under Section

309(b) of the CWA, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.  Pursuant to

28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state law claims of the

State of Alabama, Commonwealth of Kentucky, State of Tennessee, and Commonwealth of

Virginia because they are related to the federal law claims and form a portion of the same case or

controversy.

6.      The United States has authority to file suit, on behalf of the EPA Administrator,

under Section 506 of the CWA, 33 U.S.C. § 1366.  The Attorney General of the State of

Alabama and ADEM are authorized to enforce the provisions of the AWPCA by the Alabama

Environmental Management Act at Sections 22-22A-5(12) and (18), Code of Alabama, 1975.

The Commonwealth of Kentucky's Office of General Counsel of the Energy and Environment

Cabinet has the authority to bring this action pursuant to KRS Section 224.99-020.  The

Tennessee Attorney General has the authority to bring this suit on behalf of the State of

Tennessee in accordance with Tenn. Code Ann. § 8-6-109 and the common law of Tennessee.

The VA DMME is authorized under Va. Code §§ 62.1-44.15(8c) and 45.1-254 to file suit against

violators.

7.      Venue is proper in the Western District of Virginia pursuant to 28 U.S.C. §§

1391(b)(2) and (c)(2) and 1395(a), as well as Section 309(b) of the CWA, 33 U.S.C. § 1319(b),

because it is the judicial district in which Defendants are located, reside, are doing business,

and/or are controlled by a Defendant that is located, resides, is doing business, and/or in which a

substantial part of the alleged violations in the Complaint occurred.

8.     Notice of the action's commencement has been provided to the State of Alabama, the Commonwealth of Kentucky, the State of Tennessee, the Commonwealth of Virginia, and the State of West Virginia in accordance with Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## DEFENDANTS

9.     Southern Coal Corporation ("SCC") is a Delaware corporation with its principal place of business at 818 North Eisenhower Drive, in Beckley, West Virginia.  SCC conducts business, including managing the Defendants' overall coal operation's environmental compliance, at 302 South Jefferson Street, Roanoke, Virginia.  In 2012, James C. Justice, II, James C. Justice, III, and Jillian L. Justice were the record owners of all the outstanding stock of SCC.  In 2013, SCC advised the State of Alabama, State of Kentucky, the Knoxville, Tennessee Office of Surface Mining, and the Commonwealth of Virginia, that SCC as a coal company and major landowner of substantial acreage in those states, was providing managers and supervisors at its properties and coal mining operations with authority and resources necessary to carry out environmental management and environmental compliance.  SCC's 2013 and 2014 consolidated federal tax returns included Defendants A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, Virginia Fuel Corporation, Premium Coal Company, Incorporated, S and H Mining Inc., Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., Nine Mile Mining, Inc., Cane Patch Mining Co., Inc., and Greenthorn, LLC.  In 2015, SCC was the parent corporation of Defendants A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Sequoia Energy, LLC, Premium Coal Company, Incorporated, S and H Mining Inc., Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land

5

Company, Inc., Nine Mile Mining, Inc., and Cane Patch Mining Co., Inc. In 2015, SCC related companies, also owned by James C. Justice II, James C. Justice III, and for some Jillian L. Justice, include Defendants Kentucky Fuel Corporation (previously a subsidiary of SCC), Greenthorn, LLC (previously a subsidiary of SCC), Newgate Development of Beckley LLC (previously a subsidiary of SCC), Justice Coal of Alabama, LLC, Virginia Fuel Corporation, National Coal, LLC, Bluestone Resources Inc., Dynamic Energy, Inc., Justice Highwall Mining, Inc., National Resources, Inc., Nufac Mining Company, Inc., Pay Car Mining, Inc., and Second Sterling Corp.

10.     Justice Coal of Alabama, LLC (fka Alabama Carbon, LLC) is an Alabama limited liability company with its principal place of business at 818 N. Eisenhower Drive, Beckley, West Virginia. Justice Coal of Alabama, LLC is subject to NPDES permit requirements in Alabama. In 2015, James C. Justice, II, James C. Justice, III, and Jillian L. Justice were the record owners of all the outstanding stock of Justice Coal of Alabama, LLC. Defendant Justice Coal of Alabama, LLC's overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

11.     A & G Coal Corporation is a Virginia corporation with its principal place of business at 302 South Jefferson Street, in Roanoke, Virginia. A & G Coal Corporation is subject to NPDES permit requirements in Kentucky and Virginia. A & G Coal Corporation is a wholly-owned subsidiary of SCC. A & G Corporation's overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

12.     Four Star Resources LLC is a Kentucky limited liability company with its principal place of business, until December 29, 2015, at 302 South Jefferson Street, in Roanoke, Virginia. Four Star Resources LLC is subject to NPDES permit requirements in Kentucky. Four

Star Resources LLC is a wholly-owned subsidiary of SCC. Four Star Resources LLC's overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

13.     Infinity Energy, Inc. is a Kentucky corporation with its principal place of business, until December 29, 2015, at 302 South Jefferson Street, in Roanoke, Virginia. Infinity Energy, Inc. is subject to NPDES permit requirements in Kentucky. Infinity Energy, Inc. is a wholly-owned subsidiary of SCC. Infinity Energy, Inc.'s overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

14.     Kentucky Fuel Corporation is a Delaware corporation with its principal place of business, until December 29, 2015, at 302 South Jefferson Street, in Roanoke, Virginia. Kentucky Fuel Corporation is subject to NPDES permit requirements in Kentucky and West Virginia. In 2015, James C. Justice II, James C. Justice, III, and Jillian Justice were the record owners of all the outstanding stock of Kentucky Fuel Corporation, which previously was a wholly-owned subsidiary of SCC. Kentucky Fuel Corporation's overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

15.     Sequoia Energy, LLC is a Kentucky limited liability company with its principal place of business, until December 29, 2015, at 302 South Jefferson Street, in Roanoke, Virginia. Sequoia Energy, LLC is subject to NPDES permit requirements in Kentucky. Sequoia Energy, LLC is a wholly-owned subsidiary of SCC. Sequoia Energy, LLC's overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

16.     Virginia Fuel Corporation is a Delaware corporation with its principal place of business, until December 29, 2015, at 302 South Jefferson Street, in Roanoke, Virginia. Virginia Fuel Corporation is subject to NPDES permit requirements in Kentucky and Virginia. At the end

7

of 2012 or the beginning of 2013, Virginia Fuel Corporation became a wholly-owned subsidiary of SCC. In 2015, James C. Justice, II, James C. Justice, III, and Jillian L. Justice were the record owners of all the outstanding stock of Virginia Fuel Corporation. Virginia Fuel Corporation's overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

17. National Coal, LLC is a Tennessee limited liability company with its principal place of business at 302 South Jefferson Street, in Roanoke, Virginia. National Coal, LLC is subject to NPDES permit requirements in Tennessee. National Coal, LLC is an indirect subsidiary of Ranger Energy Investments, Inc. In 2015, James C. Justice, II and James C. Justice, III were the record owners of all the outstanding stock of Ranger Energy Investments, Inc. National Coal, LLC's overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

18. Premium Coal Company, Incorporated is a Tennessee corporation with its principal place of business at 302 South Jefferson Street, in Roanoke, Virginia. Premium Coal Company, Incorporated is subject to NPDES permit requirements in Tennessee. Premium Coal Company, Incorporated is a wholly-owned subsidiary of SCC. Premium Coal Company, Incorporated's overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

19. S and H Mining Inc. is a Tennessee corporation with its principal place of business at 302 South Jefferson Street, in Roanoke, Virginia. S and H Mining Inc. is subject to NPDES permit requirements in Tennessee. S and H Mining Inc. is a wholly-owned subsidiary of SCC. S and H Mining Inc.'s overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

8

20.     Airway Resources, L.L.C. is a Virginia limited liability company with its principal place of business at 818 North Eisenhower Drive, Beckley, in West Virginia.  Airway Resources, L.L.C. is subject to NPDES permit requirements in Virginia.  Airway Resources, L.L.C. is a wholly-owned subsidiary of SCC.  Airway Resources, L.L.C.'s overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

21.     Baden Reclamation Company is a Virginia corporation with its principal place of business at 302 South Jefferson Street, in Roanoke, Virginia. Baden Reclamation Company is subject to NPDES permit requirements in Virginia.  Baden Reclamation Company is a wholly-owned subsidiary of SCC.  Baden Reclamation Company's overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

22.     Black River Coal, LLC is a Delaware limited liability company, with its principal place of business at 302 South Jefferson Street, in Roanoke, Virginia.  Black River Coal, LLC is subject to NPDES permit requirements in Virginia.  Black River Coal, LLC is a wholly-owned subsidiary of SCC.  Black River Coal, LLC's overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

23.     Chestnut Land Holdings, LLC is a Delaware limited liability company with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia.  Chestnut Land Holdings, LLC is subject to NPDES permit requirements in Virginia and West Virginia. Chestnut Land Holdings, LLC is a wholly-owned subsidiary of SCC.  Chestnut Land Holdings, LLC's overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

24.     Meg-Lynn Land Company, Inc. is a Virginia corporation with its principal place of business at 302 South Jefferson Street, in Roanoke, Virginia.  Meg-Lynn Land Company, Inc.

9

is subject to NPDES permit requirements in Virginia. Meg-Lynn Land Company, Inc. is a wholly-owned subsidiary of SCC. Meg-Lynn Land Company, Inc.'s overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

25.     Nine Mile Mining, Inc. is a Virginia corporation with its principal place of business at 302 South Jefferson Street, in Roanoke, Virginia. Nine Mile Mining, Inc. is an operator of coal mining and/or processing subject to NPDES permit requirements in Virginia. Nile Mile Mining, Inc. is a wholly-owned subsidiary of SCC. Nine Mile Mining, Inc.'s overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

26.     Cane Patch Mining Co., Inc. is a Virginia corporation with its principal place of business at 302 South Jefferson Street, in Roanoke, Virginia. Cane Patch Mining Co., Inc. is subject to NPDES permit requirements in Virginia. Cane Patch Mining Co., Inc. is a wholly-owned subsidiary of SCC. Cane Patch Mining Co., Inc.'s overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

27.     Bluestone Resources Inc. is a Delaware corporation with its principal place of business at 100 Cranberry Creek Drive, Beckley, West Virginia. Bluestone Resources Inc. is owned by James C. Justice, II (60%) and James C. Justice, III (40%). Bluestone Resources Inc. is subject to NPDES permit requirements in West Virginia. Defendant Bluestone Resources Inc.'s overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

28.     Dynamic Energy, Inc. is a West Virginia corporation with its principal place of business at 100 Cranberry Creek Drive, Beckley, West Virginia. Dynamic Energy, Inc. is an indirect subsidiary of Defendant Bluestone Resources Inc. Dynamic Energy, Inc. is subject to

NPDES permit requirements in West Virginia. Dynamic Energy, Inc.'s overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

29.     Greenthorn, LLC is a Kentucky limited liability company with its principal place of business at 818 North Eisenhower Drive, Beckley, West Virginia. Greenthorn, LLC is the permit holder for Kentucky Fuel Corporation and is owned by James C. Justice, II, James C. Justice, III, and Jillian L. Justice. Greenthorn, LLC was previously a wholly-owned subsidiary of SCC. Greenthorn, LLC is subject to NPDES permit requirements in West Virginia. Defendant Greenthorn, LLC's overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

30.     Justice Highwall Mining, Inc. is a West Virginia corporation with its principal place of business at 100 Cranberry Creek Drive, Beckley, West Virginia. Justice Highwall Mining, Inc. is an indirect subsidiary of Defendant Bluestone Resources Inc. Justice Highwall Mining, Inc. is subject to NPDES permit requirements in West Virginia. Justice Highwall Mining, Inc.'s overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

31.     National Resources, Inc. is a West Virginia corporation with its principal place of business at 100 Cranberry Creek Drive, Beckley, West Virginia. National Resources, Inc. is an indirect subsidiary of Defendant Bluestone Resources Inc. National Resources, Inc. is subject to NPDES permit requirements in West Virginia. Defendant National Resources, Inc.'s overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

32.     Nufac Mining Company, Inc. is a Delaware corporation with its principal place of business at 1209 Orange Street, Wilmington, Delaware. Nufac Mining Company, Inc. is an

indirect subsidiary of Defendant Bluestone Resources Inc. Nufac Mining Company, Inc. is subject to NPDES permit requirements in West Virginia. Nufac Mining Company, Inc.'s overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

33. Pay Car Mining, Inc. is a West Virginia corporation with its principal place of business at 100 Cranberry Creek Drive, Beckley, West Virginia. Pay Car Mining, Inc. is an indirect subsidiary of Defendant Bluestone Resources Inc. Pay Car Mining, Inc. is subject to NPDES permit requirements in West Virginia. Pay Car Mining, Inc.'s overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

34. Second Sterling Corp. is a West Virginia corporation with its principal place of business at 100 Cranberry Creek Drive, Beckley, West Virginia. Second Sterling Corp. is an indirect subsidiary of Defendant Bluestone Resources Inc. Second Sterling Corp. is subject to NPDES permit requirements in West Virginia. Second Sterling Corp.'s overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

35. Newgate Development of Beckley LLC is a West Virginia corporation with its principal place of business at 818 North Eisenhower Drive, Beckley, West Virginia. Newgate Development of Beckley LLC, formerly a wholly owned subsidiary of SCC, is owned by James C. Justice, III, and Jillian L. Justice. Newgate Development of Beckley LLC is subject to NPDES permit requirements in West Virginia. Newgate Development of Beckley LLC's overall environmental compliance is managed by SCC doing business at 302 South Jefferson Street, Roanoke, Virginia.

## STATUTORY AND REGULATORY BACKGROUND

### I.  Clean Water Act ("CWA")

36.  Congress enacted the CWA to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters."  33 U.S.C. § 1251(a).

37.  Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits "the discharge of any pollutant by any person" to waters of the United States, except, *inter alia*, in compliance with an NPDES permit issued by EPA or an authorized state pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

38.  Section 502(5) of the CWA, 33 U.S.C. § 1362(5), defines "person" as, *inter alia*, an "individual, corporation, partnership, [or] association."

39.  Section 502(12)(A) of the CWA, 33 U.S.C. § 1362(12)(A), defines "discharge of a pollutant" as, *inter alia*, "any addition of any pollutant to navigable waters from any point source."

40.  Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines "pollutant" as "dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water."

41.  Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines "point source" as, *inter alia*, "any discernable, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock . . . from which pollutants are or may be discharged."

42.  Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."  "Waters of the United States"

13

has been further defined to include, among other things, waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce (hereinafter "traditional navigable waters"); interstate waters; and tributaries of such waters. 40 C.F.R. § 122.2.

43.     Section 402(a) of the CWA, 33 U.S.C. § 1342(a)(1), provides that "the Administrator may . . . issue a permit for the discharge of any pollutant . . . upon condition that such discharge will meet . . . all applicable requirements . . . or . . . such conditions that the Administrator determines are necessary" to implement the CWA.

44.     Section 402 of the CWA, 33 U.S.C. § 1342(a)(2), directs EPA to prescribe conditions for NPDES "permits to assure compliance with the requirements" of the CWA, "including conditions on data and information collection, reporting, and such other requirements" as EPA deems appropriate.

45.     Effluent limitations, as defined in Section 502(11) of the CWA, 33 U.S.C. § 1362(11), are restrictions "on quantities, rates, and concentrations of chemical, physical, biological, and other constituents which are discharged from point sources." Effluent limitations are among those conditions and limitations prescribed in NPDES permits issued under Section 402(a) of the CWA, 33 U.S.C. § 1342(a).

46.     In 1985, EPA set effluent limitations guidelines ("ELGs") for discharges from coal mining point sources. *See* 40 C.F.R. § 434, 50 Fed. Reg. 41296-01 (Oct. 9, 1985). The ELGs prescribe "maximum for any 1 day" and "average of daily values for 30 consecutive days" numeric effluent limits for, *inter alia*, iron, total suspended solids, pH, and manganese. Discharges with a pH above or below the range outlined in the applicable ELGs (generally

within the range of 6.0 to 9.0 at all times) are violations of the daily minimum or daily maximum limits in Defendants' NPDES permits. *Id.*

47.    Section 308(a) of the CWA, 33 U.S.C. § 1318(a)(4)(A), authorizes EPA to require an "owner or operator of any point source" to provide information required when EPA is "determining whether any person is in violation of any . . . limitation, prohibition or effluent standard, pretreatment standard, or standard of performance." 33 U.S.C. § 1318(a)(2).

48.    Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes EPA to commence a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, Section 308 of the CWA, 33 U.S.C. § 1318, or any condition or limitation in a permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

49.    Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, Section 308 of the CWA, 33 U.S.C. § 1318, "or any permit condition or limitation . . . shall be subject to a civil penalty" payable to the United States of up to "$25,000 per day for each violation."

50.    Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. §§ 3701-3733, and 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500, per day, for each violation occurring after January 12, 2009.

## II.    Alabama Water Pollution Control Act ("AWPCA") and Alabama Environmental Management Act

51.    The State of Alabama has been authorized by EPA to administer an NPDES program for regulating the discharges of pollutants to navigable waters within the state's jurisdiction.  44 Fed. Reg. 61452 (October 25, 1979).  The State of Alabama, through ADEM, is authorized to issue NPDES permits in accordance with AWPCA, Section 22-22-9 and the Alabama Environmental Management Act, Sections 22-22A-4(n) and 22-22A-5(10).

52.    It is a violation of the AWPCA for any "person" to discharge "any new or increased pollution into any waters" of the State without first applying to ADEM and obtaining a permit.  AWPCA, Section 22-22-9(i)(3).

53.    The AWPCA defines "person" as "[a]ny and all persons, natural or artificial, including, but not limited to, any individual, partnership, association, society, joint stock company, firm, company, corporation, institution, trust, other legal entity, business organization or any governmental entity and any successor, representative, responsible corporate officer, agent or agency of the foregoing."  AWPCA, Section 22-22-1(b)(7).

54.    The AWPCA defines "discharge" as "[t]he addition, introduction, leaking, spilling or emitting of any sewage, industrial waste, pollutant or other wastes into waters of the state."  AWPCA, Section 22-22-1(b)(8).

55.    The AWPCA defines "pollution" as "[t]he discharge of a pollutant or combination of pollutants.  A pollutant includes but is not limited to dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal and agricultural waste discharged into water."  AWPCA, Section 22-22-1(b)(3).

16

56.     The AWPCA defines "waters" as "[a]ll waters of any river, stream, watercourse, pond, lake, coastal, ground or surface water, wholly or partially within the state, natural or artificial.  This does not include waters which are entirely confined and retained completely upon the property of a single individual, partnership or corporation unless such waters are used in interstate commerce."  AWPCA, Section 22-22-1(b)(2).

57.     The Alabama Environmental Management Act authorizes ADEM and the Attorney General of Alabama to "commence a civil action" for injunctive relief or penalties when any person is in violation of the AWPCA and the Alabama Environmental Management Act, "or any rule or regulation promulgated thereunder."  The Act further authorizes a civil action for violation of "any order, or condition of any permit, license, certification, or variance issued by the department" including an NPDES permit issued under Section 402 of the Act, 33 U.S.C. § 1342.  Alabama Environmental Management Act, Section 22-22A-5(17) and (19).

58.     The Alabama Environmental Management Act provides that any person who violates "any rule, regulation or standard promulgated by" ADEM, and/or "any provision of any order, or any condition of any permit, license, certification or variance issued by" ADEM, is subject to a civil penalty of up to $25,000, for each violation.  Alabama Environmental Management Act at Section 22-22A-5(18).

### III.     Kentucky Revised Statutes Chapter 224

59.     The Commonwealth of Kentucky has been authorized by EPA to administer an NPDES program for regulating the discharges of pollutants to navigable waters within the state's jurisdiction.  48 Fed. Reg. 45597-02 (October 6, 1983).  The Commonwealth of Kentucky, through its Energy and Environment Cabinet, is authorized to issue NPDES permits in the Commonwealth of Kentucky in accordance with KRS Section 224.16-050(1).

60.     It is a violation of the KRS for any "person" to "directly or indirectly, throw, drain, run or otherwise discharge into any of the waters of the Commonwealth, or cause, permit or suffer to be thrown, drained, run or otherwise discharged into such waters any pollutant, or any substance that shall cause or contribute to the pollution of the waters of the Commonwealth in contravention of the standards adopted by the cabinet or in contravention of any of the rules, regulations, permits, or orders of the cabinet or in contravention of any of the provisions" of Chapter 224 of the KRS.  KRS 224.70-110.

61.     The KRS define "person" as "an individual, trust, firm, joint stock company, corporation (including a government corporation), partnership, association, federal agency, state agency, city, commission, political subdivision of the Commonwealth, or any interstate body." KRS 224.1-010(17).

62.     The KRS define "pollutant" as "dredged spoil, solid waste, incinerator residue, sewage, sewage sludge, garbage, chemical, biological or radioactive materials, heat, wrecked or discarded equipment, rock, sand, soil, industrial, municipal or agricultural waste, and any substance resulting from the development, processing, or recovery of any natural resource which may be discharged into water."  KRS 224.1-010(35).

63.     The KRS define "waters" or "waters of the Commonwealth" as "any and all rivers, streams, creeks, lakes, ponds, impounding reservoirs, springs, wells, marshes, and all other bodies of surface or underground water, natural or artificial, situated wholly or partly within or bordering upon the Commonwealth or within its jurisdiction."  KRS 224.1-010(33).

64.     The KRS authorize the Commonwealth's Energy and Environment Cabinet to "[e]xercise general supervision of the administration and enforcement of [Chapter 224], and all rules, regulations, and orders promulgated thereunder."  KRS 224.10-100(1).

18

65.     The KRS provide that "[a]ny person who violates . . . KRS 224.70-110 . . . or who fails to perform any duties imposed by [this section], or who violates any determination, permit, administrative regulation, or order of the cabinet promulgated pursuant thereto shall be liable for a civil penalty not to exceed the sum of twenty-five thousand dollars ($25,000) for each day during which such violation continues, and in addition, may be concurrently enjoined from any violations as hereinafter provided in this section and KRS 224.99-020."  KRS 224.99-010(1).

## IV.     Tennessee Water Quality Control Act

66.     The State of Tennessee has been authorized by EPA to administer an NPDES program for regulating the discharges of pollutants to navigable waters within the state's jurisdiction.  46 Fed. Reg. 51644-02 (October 21, 1981).  The State of Tennessee, through TDEC, is authorized to issue NPDES permits in the State of Tennessee in accordance with the TWQCA, Tenn. Code Ann. §§ 69-3-105(h), 107(14), and 108(e), and Tenn. Comp. R. & Reg., chs. 0400-40-01, 0400-40-03, 0400-40-05, and 0400-40-10.

67.     It is a violation of the TWQCA for any person to alter the "physical, chemical, radiological, biological, or bacteriological properties of any waters of the state" or to discharge any "industrial wastes" or "other wastes" into waters of the state except in accordance with the conditions of a valid permit. Tenn. Code Ann. §§ 69-3-108(b)(1) and (b)(6).

68.     The TWQCA defines "person" as "any and all persons, including individuals, firms, partnerships, associations, public or private institutions, state and federal agencies, municipalities or political subdivisions, or officers thereof, departments, agencies, or instrumentalities, or public or private corporations or officers thereof, organized or existing under the laws of this or any other state or country."  Tenn. Code. Ann. § 69-3-103(26).

19

69.    The TWQCA defines "industrial wastes" as "any liquid, solid, or gaseous substance, or combination thereof, or form of energy including heat, resulting from any process of industry, manufacture, trade, or business or from the development of any natural resource." Tenn. Code Ann. § 69-3-103(15).

70.    The TWQCA defines "other wastes" as "any and all other substances or forms of energy, with the exception of sewage and industrial wastes, including, but not limited to, decayed wood, sand, garbage, silt, municipal refuse, sawdust, shavings, bark, lime, ashes, offal, oil, hazardous materials, tar, sludge, or other petroleum byproducts, radioactive material, chemicals, heated substances, dredged spoil, solid waste, incinerator residue, sewage sludge, munitions, biological materials, wrecked and discarded equipment, rock, and cellar dirt." Tenn. Code Ann. § 69-3-103(23).

71.    The TWQCA defines "waters" as "any and all water, public or private, on or beneath the surface of the ground, that are contained within, flow through, or border upon Tennessee or any portion thereof, except those bodies of water confined to and retained within the limits of private property in single ownership that do not combine or effect a junction with natural surface or underground waters." Tenn. Code Ann. § 69-3-103(44).

72.    Pursuant to the TWQCA, it is illegal to act "in a manner or degree" that is violative of any permit provision. Tenn. Code Ann. § 69-3-114(b).

73.    The TWQCA authorizes TDEC to require inspection and monitoring to determine compliance with the CWA, the TWQCA, and NPDES permits through Discharge Monitoring Reports ("DMRs") and quality assurance requirements. Tenn. Code Ann. §§ 69-3-108(g)(3) and -113.

74.     The TWQCA authorizes TDEC to commence a civil action for injunctive relief or penalties when any person is in violation of the TWQCA, or any permit condition or limitation in an NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. 1342.  Tenn. Code Ann. §§ 69-3-107, 114, 115, and -117.

75.     The TWQCA provides that any person who violates effluent standards, water quality standards, permit terms or conditions, filing requirements, or fails to allow or perform entry, inspecting, monitoring or reporting requirements, or discharges without a permit "is subject to a civil penalty of up to . . . $10,000 . . . per day for each day during which the act or omission continues."  Tenn. Code Ann. § 69-3-115(a)(1).

## V.     <u>Virginia State Water Control Law</u>

76.     The Commonwealth of Virginia has been authorized by EPA to administer an NPDES program for regulating the discharges of pollutants to navigable waters within the state's Jurisdiction.  40 Fed. Reg. 20129-02 (May 8, 1975).  The Commonwealth of Virginia, through the State Water Control Board is authorized to issue NPDES permits in the Commonwealth of Virginia in accordance with the SWCL. Va. Code § 62.1-44.15.

77.     It is a violation of the SWCL for any "person" to discharge "industrial wastes" or "other wastes" into "state waters" except in compliance with a Virginia NPDES permit. Va. Code § 62.1-44.5(A)(1).

78.     The SWCL defines "person" as "an individual, corporation, partnership, association, governmental body, municipal corporation, or any other legal entity." Va. Code § 62.1-44.3.

21

79.     The SWCL defines "industrial waste" as "liquid or other wastes resulting from any process of industry, manufacture, trade, or business or from the development of any natural resources." Va. Code § 62.1-44.3.

80.     The SWCL defines "other waste" as "decayed wood, sawdust, shavings, bark, lime, garbage, refuse, ashes, offal, tar, oil, chemicals, and all other substances except industrial wastes and sewage which may cause pollution in any state waters." Va. Code § 62.1-44.3.

81.     The SWCL defines "state waters" as "all water, on the surface and under the ground, wholly or partially within or bordering the Commonwealth or within its jurisdiction, including wetlands." Va. Code § 62.1-44.

82.     Va. Code § 62.1-44.15(10) (SWCL) authorizes the State Water Control Board to "adopt such regulations as it deems necessary to enforce the general water quality management program in . . . the Commonwealth."

83.     Va. Code § 62.1-44.23 authorizes Virginia to commence a civil action for injunctive relief to compel compliance with the terms or conditions of a valid NPDES permit.

84.     Va. Code § 62.1-44.32 provides that any person who violates any provision of an NPDES permit is subject to a civil penalty of up to $32,500 per violation.

85.     The authority to issue, amend, revoke and enforce national pollutant discharge elimination system permits under the SWCL (§ 62.1-44.2 et seq.) for the discharge of sewage, industrial wastes and other wastes from coal surface mining operations is vested solely in the Director of the VA DMME. Va. Code § 45.1-254. *See also* 48 Fed. Reg. 48826-01 (Oct. 21, 1983) (approving the transfer of the NPDES authority for regulating pollutant discharges from coal mining  and reclamation facilities from the State Water Control Board to the Division of Mined Land Reclamation—now under VA DMME).

## VI.    West Virginia Water Pollution Control Act

86.    The State of West Virginia has been authorized by EPA to administer an NPDES

program for regulating the discharges of pollutants to navigable waters within the state's

jurisdiction.  40 Fed. Reg. 22363-01 (May 24, 1982).  The West Virginia Department of

Environmental Protection ("WVDEP") is authorized to issue NPDES permits in accordance with

the West Virginia Water Pollution Control Act ("WPCA").  W. Va. Code § 22-11-8.

## GENERAL FACTUAL ALLEGATIONS

### a.    SCC Violations

87.    The Defendant, SCC, is a "person" within the meaning of Section 502(5) of the

CWA, 33 U.S.C. § 1362(5), AWPCA at Section 22-22-1(7), KRS 224.1-010(17), Tenn. Code

Ann. § 69-3-103(26), and Va. Code § 62.1-44.3.

88.    At times relevant to this Complaint, SCC managed, financed, and/or controlled

environmental compliance at the coal mining and processing operations that were owned and/or

operated by the other named Defendants.

89.    NPDES permits were issued to each of the Defendants (other than SCC and Nine

Mile Mining, Inc.).

90.    The Defendants' NPDES Permits contain effluent limitations prohibiting the

Defendants from discharging specified pollutants in excess of numeric monthly average, daily

maximum, and/or daily minimum limits.

91.    The Defendants' NPDES Permits impose self-monitoring and self-reporting

requirements, including the quarterly submission of DMRs to the permitting authorities, which

summarize discharge monitoring data, indicate non-compliance with permit limits and indicate

discharges without a NPDES permit.

23

92.     The Defendant SCC managed and/or controlled environmental performance at all levels of the SCC both as a coal company and owner of substantial acreage in Alabama, Kentucky, Tennessee, Virginia, and West Virginia that have resulted in violations of the other Defendants' NPDES Permits or NPDES Permits for coal mining and/or processing operated by other Defendants, including (1) exceeding pollutant discharge limits, (2) failing to sample, (3) failing to monitor pollutant discharge and failing to report required quarterly discharge monitoring data, and (4) failing to submit DMRs.  SCC also managed/or controlled the other Defendants' discharges of pollutants without a NPDES permit as set forth in Exhibits 1- 6.

**b.  Violations in the State of Alabama**

93.     The Defendant, Justice Coal of Alabama, LLC, has a history of non-compliance with its NPDES permits in the State of Alabama.

94.     The Defendant, Justice Coal of Alabama, LLC, is a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5) and the AWPCA at Section 22-22-1(7).

95.     The Defendant, Justice Coal of Alabama, LLC, owns and/or operates coal mining and processing operations.

96.     ADEM issued NPDES permits to the Defendant, Justice Coal of Alabama, LLC.

97.     The NPDES Permits contain effluent limitations prohibiting the Defendant, Justice Coal of Alabama, LLC, from discharging specified pollutants in excess of numeric monthly average, daily maximum, and/or daily minimum limits.

98.     The NPDES Permits impose self-monitoring and self-reporting requirements, including the quarterly submission of DMRs to the permitting authorities, which summarize discharge monitoring data, indicate non-compliance with permit limits, and indicate discharges without a NPDES permit.

24

99.     Exhibit 1, attached to this Complaint, represents information provided by the Defendant, Justice Coal of Alabama, LLC, through its DMR submissions to ADEM, as well as inspections by ADEM and/or EPA.

100.     Based on the information provided and inspections, the Defendants Justice Coal of Alabama, LLC and SCC have violated the relevant NPDES Permits on numerous occasions by (1) exceeding pollutant discharge limits, (2) failing to sample, (3) failing to monitor pollutant discharge and failing to report required quarterly discharge monitoring data, and (4) failing to submit DMRs as set forth in Exhibits 1 and 6.

### c.   Violations in the Commonwealth of Kentucky

101.     The Defendants, A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation have a history of non-compliance with their NPDES permits in the Commonwealth of Kentucky.

102.     The Defendants, A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, are "persons" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5) and KRS 224.1-010(17).

103.     The Defendants, A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, own and/or operate coal mining and processing operations.

104.     The Commonwealth of Kentucky's Energy and Environment Cabinet issued NPDES permits to the Defendants, A & G Coal Corporation, Four Star Resources LLC, Infinity

Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation.

105.    The NPDES Permits contain effluent limitations prohibiting the Defendants, A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation from discharging specified pollutants in excess of numeric monthly average, daily maximum, and/or daily minimum limits.

106.    The NPDES Permits impose self-monitoring and self-reporting requirements, including the quarterly submission of DMRs to the permitting authorities, which summarize discharge monitoring data, and indicate non-compliance with permit limits.

107.    Exhibit 2, attached to this Complaint, represents information provided by the Defendants, A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, through its DMR submissions to the Commonwealth of Kentucky's Energy and Environment Cabinet, as well as inspections by the Commonwealth of Kentucky's Energy and Environment Cabinet and/or EPA.

108.    Based on the information provided and inspections, the Defendants A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, and SCC have violated the relevant NPDES Permits on numerous occasions by (1) exceeding pollutant discharge limits, (2) failing to sample, (3) failing to monitor pollutant discharge and failing to report required quarterly discharge monitoring data, and (4) failing to submit DMRs as set forth in Exhibits 2 and 6.

#### d. Violations in the State of Tennessee

109.    The Defendants, National Coal, LLC, Premium Coal Company, Incorporated, and/or S and H Mining Inc. have a history of non-compliance with their NPDES permits in the State of Tennessee.

110.    The Defendants, National Coal, LLC, Premium Coal Company, Incorporated, and/or S and H Mining Inc. are "persons" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5) and Tenn. Code Ann. § 69-3-103(26).

111.    The Defendants, National Coal, LLC, Premium Coal Company, Incorporated, and/or S and H Mining Inc., own and/or operate coal mining and processing operations.

112.    As a result of its coal mining and processing operations, the Defendants, National Coal, LLC, Premium Coal Company, Incorporated, and/or S and H Mining Inc., generate coal slurry, wastewater, and other excess materials that are, or contain, various "pollutants" as that term is defined in the TWQCA, Tenn. Code Ann. § 69-3-103(27).

113.    The Defendants, National Coal, LLC, and/or Premium Coal Company, Incorporated, have discharged pollutants from various impoundment and settlement ponds, outlets, ditches, and other conveyances into receiving waters that either (a) are perennial tributaries to traditional navigable waters and have beds, banks, and ordinary high water marks, or (b) flow into such tributaries.

114.    The Defendants, National Coal, LLC, and/or Premium Coal Company, Incorporated, have discharged pollutants from various impoundments and settlement ponds, outlets, ditches, and other conveyances that are "point sources" within the meaning of Section 502(14) of the Clean Water Act, 33 U.S.C. § 1362(14) to waters of the United States within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7).

27

115.    The Defendants, National Coal, LLC, and/or Premium Coal Company, Incorporated, discharged pollutants into "waters" of the State of Tennessee, as that term is defined by TWQCA, Tenn. Code Ann. § 69-3-103(44).

116.    TDEC issued NPDES permits to the Defendants, National Coal, LLC, Premium Coal Company, Incorporated, and/or S and H Mining Inc.

117.    The NPDES permits contain effluent limitations prohibiting the Defendants, National Coal, LLC, Premium Coal Company, Incorporated, and/or S and H Mining Inc., from discharging specified pollutants in excess of numeric monthly average, daily maximum, and/or daily minimum limits.

118.    The NPDES Permits impose self-monitoring and self-reporting requirements, including the quarterly submission of DMRs to the permitting authorities, which summarize discharge monitoring data, indicate non-compliance with permit limits, and indicate discharges without a NPDES permit.  Other self-reporting requirements in some of the NPDES permits include the submission of biological assessment reports which analyze the in-stream biological surveys performed by the permittee.

119.    Exhibit 3, attached to this Complaint, represents information provided by the Defendants, National Coal, LLC, Premium Coal Company, Incorporated, and/or S and H Mining Inc., through their DMR submissions to TDEC, as well as inspections by TDEC and/or EPA.

120.    Based on the information provided and inspections, the Defendants, National Coal, LLC, Premium Coal Company, Incorporated, and/or S and H Mining Inc., and SCC have violated the relevant NPDES Permits on numerous occasions by (1) exceeding pollutant discharge limits, (2) failing to sample and failing to report required biological monitoring data, (3) failing to monitor pollutant discharge and failing to report required quarterly discharge

28

monitoring data, and (4) failing to submit DMRs, and have discharged pollutants without a NPDES permit, as set forth in Exhibits 3 and 6.

### e. Violations in the Commonwealth of Virginia

121. The Defendants, A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., Cane Patch Mining Co., Inc., and/or Virginia Fuel Corporation, have a history of non-compliance with their NPDES permits in the Commonwealth of Virginia. Defendant Nine Mile Mining, Inc. also has a history of non-compliance as an operator of an NPDES permit in the Commonwealth of Virginia.

122. The Defendants, A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., Nine Mile Mining, Inc., Cane Patch Mining Co., Inc., and/or Virginia Fuel Corporation, are "persons" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5) and Va. Code § 62.1-44.3.

123. The Defendants, A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., Nine Mile Mining, Inc., Cane Patch Mining Co., Inc., and/or Virginia Fuel Corporation, own and/or operate coal mining and processing operations.

124. VA DMME issued NPDES permits to the Defendants, A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., Cane Patch Mining Co., Inc., and/or Virginia Fuel Corporation. VA DMME also issued an NPDES permit for coal mining and/or processing which was operated by Defendant Nine Mile Mining, Inc.

29

125. The NPDES permits contain effluent limitations prohibiting the Defendants, A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., Nine Mile Mining, Inc., Cane Patch Mining Co., Inc., and/or Virginia Fuel Corporation, from discharging specified pollutants in excess of numeric monthly average, daily maximum, and/or daily minimum limits.

126. The NPDES Permits impose self-monitoring and self-reporting requirements, including the quarterly submission of DMRs to the permitting authorities, which summarize discharge monitoring data, and indicate non-compliance with permit limits.

127. Exhibit 4, attached to this Complaint, represents information provided by the Defendants, A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, Inc., Meg-Lynn Land Company, LLC, Nine Mile Mining, Inc., Cane Patch Mining Co., Inc., and/or Virginia Fuel Corporation, through their DMR submissions to VA DMME, as well as observations and inspections by VA DMME and/or EPA.

128. Based on the information provided and inspections, the Defendants, A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., Nine Mile Mining, Inc., Cane Patch Mining Co., Inc., and/or Virginia Fuel Corporation, and SCC have violated the relevant NPDES Permits on numerous occasions by (1) exceeding pollutant discharge limits, (2) failing to sample, (3) failing to monitor pollutant discharge and failing to report required quarterly discharge monitoring data, and (4) failing to submit DMRs as set forth in Exhibits 4 and 6.

30

## f. Violations in the State of West Virginia

129.    The Defendants, Bluestone Resources Inc., Chestnut Land Holdings, LLC, Dynamic Energy, Inc., Greenthorn, LLC, Justice Highwall Mining, Inc., Kentucky Fuel Corporation, National Resources, Inc., Nufac Mining Company, Inc., Pay Car Mining, Inc., Second Sterling Corp., and Newgate Development of Beckley LLC, have a history of non-compliance with their NPDES permits in the State of West Virginia.

130.    The Defendants Bluestone Resources Inc., Chestnut Land Holdings, LLC, Dynamic Energy, Inc., Greenthorn, LLC, Justice Highwall Mining, Inc., Kentucky Fuel Corporation, National Resources, Inc., Nufac Mining Company, Inc., Pay Car Mining, Inc., Second Sterling Corp., and Newgate Development of Beckley LLC, are "persons" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5).

131.    The Defendants, Bluestone Resources Inc., Chestnut Land Holdings, LLC, Dynamic Energy, Inc., Greenthorn, LLC, Justice Highwall Mining, Inc., Kentucky Fuel Corporation, National Resources, Inc., Nufac Mining Company, Inc., Pay Car Mining, Inc., Second Sterling Corp., and Newgate Development of Beckley LLC, own and/or operate coal mining and processing operations.

132.    WVDEP issued NPDES permits to the Defendants, Bluestone Resources Inc., Chestnut Land Holdings, LLC, Dynamic Energy, Inc., Greenthorn, LLC, Justice Highwall Mining, Inc., Kentucky Fuel Corporation, National Resources, Inc., Nufac Mining Company, Inc., Pay Car Mining, Inc., Second Sterling Corp., and Newgate Development of Beckley LLC. The NPDES permits contain effluent limitations prohibiting the Defendants, Bluestone Resources Inc., Chestnut Land Holdings, LLC, Dynamic Energy, Inc., Greenthorn, LLC, Justice Highwall Mining, Inc., Kentucky Fuel Corporation, National Resources, Inc., Nufac Mining

31

Company, Inc., Pay Car Mining, Inc., Second Sterling Corp., and Newgate Development of Beckley LLC, from discharging specified pollutants in excess of numeric monthly average, daily maximum, and/or daily minimum limits.

133.     The NPDES Permits impose self-monitoring and self-reporting requirements, including the quarterly submission of DMRs to the permitting authorities, which summarize discharge monitoring data, and indicate non-compliance with permit limits.

134.     Exhibit 5, attached to this Complaint, represents information provided by the Defendants, Bluestone Resources Inc., Chestnut Land Holdings, LLC, Dynamic Energy, Inc., Greenthorn, LLC, Justice Highwall Mining, Inc., Kentucky Fuel Corporation, National Resources, Inc., Nufac Mining Company, Inc., Pay Car Mining, Inc., Second Sterling Corp., and Newgate Development of Beckley LLC, through their DMR submissions to WVDEP, as well as inspections by WVDEP and/or EPA.

135.     Based on the information provided and inspections, the Defendants, Bluestone Resources Inc., Chestnut Land Holdings, LLC, Dynamic Energy, Inc., Greenthorn, LLC, Justice Highwall Mining, Inc., Kentucky Fuel Corporation, National Resources, Inc., Nufac Mining Company, Inc., Pay Car Mining, Inc., Second Sterling Corp., Newgate Development of Beckley LLC, and SCC have violated the relevant NPDES Permits on numerous occasions by (1) exceeding pollutant discharge limits, (2) failing to sample, (3) failing to monitor pollutant discharge and failing to report required quarterly discharge monitoring data, and (4) failing to submit DMRs, as set forth in Exhibits 5 and 6.

### g. Information Request Violations

136.    Section 308(a) of the CWA, 33 U.S.C. § 1318(a), authorizes EPA to request information from an owner or operator of a point source when EPA is carrying out the objective of the CWA, including determining whether any person is in violation of, *inter alia*, any effluent limitation, or other limitation, prohibition or any NPDES requirement ("Section 308 Information Requests").

137.    Defendants National Coal, LLC, and Premium Coal Company, Incorporated, are owners and/or operators of multiple point sources, as defined by the CWA, at multiple mining operations.  These mining operations were the subject of several Section 308 Information Requests.

> i.    *February 4, 2011 and March 4, 2011 Information Requests to National Coal, LLC*

138.    On February 4, 2011, EPA sent an Information Request to National Coal, LLC pursuant to Section 308 of the CWA, 33 U.S.C. § 1318, requesting that National Coal, LLC provide EPA with information about National Coal, LLC's Tennessee mining operation known as Mine 7 (NPDES Permit No. TN0076376).  This letter required a response within thirty (30) days of receipt of the letter (the "February 4, 2011 Information Request").

139.    To ensure that the February 4, 2011 Information Request reached the appropriate recipients, EPA sent another request for the same information to the following parties on March 4, 2011 ("March 4, 2011 Information Request"): the president of National Coal, LLC; the registered agents for Ranger Energy Investments, LLC (the parent company of National Coal, LLC at the time) ("Ranger"); and to Stephen W. Ball for the James C. Justice Companies, Inc.

33

The March 4, 2011 Information Request required a full response within thirty (30) days of receipt of the letter.

140.    In a letter dated April 4, 2011, two days before the deadline for the company to respond to the March 4, 2011 Information Request Letter, National Coal, LLC submitted a request for an extension of time to respond.  The letter sought sixty (60) additional days.

141.    On April 8, 2011, EPA denied National Coal, LLC's request for an extension on the basis that the request was untimely, submitted just prior to the deadline for response, and no previous written confirmation was provided by the company indicating its intention to comply with the March 4, 2011 Information Request.

142.    In a letter dated May 5, 2011, Stephen W. Ball sent EPA a letter on behalf of Ranger and National Coal, LLC in response to the March 4, 2011 Information Request.  This letter provided only a partial response to the March 4, 2011 Information Request.

143.    On July 22, 2011, EPA issued a follow-up letter, notifying Ranger of National Coal, LLC's obligation to fully respond to the February 4, 2011 Information Request.  This letter specifically identified which information had not been provided by National Coal, LLC. Namely, National Coal, LLC did not provide responses to Questions 1-4 and 6-7, and only provided a partial response to Question 5.

144.    In a letter dated August 17, 2011, Stephen W. Ball, on behalf of Ranger and National Coal, LLC, sent EPA a second partial response to the February 4 and March 4, 2011 Information Requests.

145.    Finally, in a letter dated October 12, 2011, Stephen W. Ball, on behalf of Ranger and National Coal, LLC, sent EPA a third response to the February 4 and March 4, 2011 Information Requests.

146.     National Coal, LLC failed to fully respond to the February 4, 2011 and March 4 2011 Information Requests for at least seven (7) months after National Coal, LLC received the Information Request.

ii.     *July 27, 2011 Information Request to National Coal, LLC*

147.     On July 27, 2011, EPA sent a separate Section 308 Information Request to National Coal, LLC and Derrick O'Neal (National Coal, LLC's attorney-in-fact at the time) pursuant to Section 308 of the CWA, 33 U.S.C. § 1318, requesting that National Coal, LLC provide EPA with information about National Coal, LLC's mining operations throughout Tennessee and Kentucky ("July 27, 2011 Information Request").

148.     On October 12, 2011, Stephen W. Ball on behalf of National Coal, LLC, provided a partial response to the July 27, 2011 Information Request.

149.     On October 28, 2011, EPA issued a letter to Stephen W. Ball notifying him of National Coal, LLC's obligation to fully respond to the July 27, 2011 Information Request.

150.     On January 19, 2012, pursuant to Section 309 of the CWA, 33 U.S.C. § 1319, EPA issued an Administrative Order to Ranger and/or National Coal, LLC for violating Section 308(a) of the CWA, 33 U.S.C. § 1318, by failing to fully respond to the July 27, 2011 Information Request. The Administrative Order directed Ranger to fully respond to the information request, within forty-five days of the effective date of the Administrative Order.

151.     On March 22, 2012, Stephen W. Ball on behalf of National Coal, LLC, provided a complete response to the July 27, 2011 Information Request.

152.     National Coal, LLC failed to fully respond to the July 27, 2011 Information Request until March 22, 2012, which was more than seven (7) months after National Coal, LLC received the Information Request.

153.    On July 27, 2011, EPA sent a Section 308 Information Request to SCC, through
CT Corporation, requesting that Premium Coal provide EPA with information about the
company's mining operations.  EPA was informed shortly thereafter that CT Corporation was
not the registered agent for service for SCC but it was the registered agent for service for
Premium Coal.

154.    On August 5, 2011, EPA forwarded the July 27, 2011 Section 308 Information
Request to Premium Coal, through CT Corporation, requesting that Premium Coal provide EPA
with information about the company's mining operations ("August 5, 2011 Information
Request").  This letter requested a response within thirty (30) days of receipt of the letter.

155.    Stephen W. Ball sent a letter dated September 2, 2011 to EPA on behalf of
Premium Coal and provided a partial response to the information request.

156.    On October 2, 2011, Stephen W. Ball sent another letter to EPA.  The information
provided in the October 2, 2011 letter from Stephen W. Ball was non-responsive to the August 5,
2011 Information Request.

157.    On October 28, 2011, EPA issued a letter to Stephen W. Ball notifying him of
Premium Coal's obligation to fully respond to the August 5, 2011 Information Request.  This
letter specified which information had not been provided and noted that Premium Coal violated
Section 308 of the CWA by failing to provide all of the requested information within thirty (30)
days of its receipt of the August 5, 2011 Information Request.

158.    After receiving no additional responsive information, on January 19, 2012, EPA
issued an Administrative Order pursuant to Section 309 of the CWA, 33 U.S.C. § 1319, to SCC,

36

as the parent of Premium Coal, for violating Section 308(a) of the CWA, 33 U.S.C. § 1318(a). The Administrative Order directed SCC to fully respond to the underlying Information Request, within forty-five (45) days of the effective date of the Administrative Order.

159.    Premium Coal failed to fully respond to the August 5, 2011 Information Request until March 22, 2012, which was more than seven (7) months after Premium Coal received the Information Request.

160.    Defendants, National Coal, LLC, and Premium Coal Company, Incorporated, failed to timely and/or fully respond to EPA's requests for information in violation of Section 308 of the CWA, 33 U.S.C. § 1318, as set forth in Exhibit 7.

## I.    Claims Against SCC

161.    Paragraphs 1-135 are realleged and incorporated by reference.

162.    Defendant SCC has managed, directed, financed, or controlled environmental compliance at coal mining and/or processing operations that were owned and/or operated by the other named Defendants.

163.    DMRs submitted by the other named Defendants and official public state records reflect that SCC has violated the relevant NPDES Permits on numerous occasions by (1) exceeding pollutant discharge limits, (2) failing to sample, (3) failing to monitor pollutant discharge and failing to report required quarterly discharge monitoring data, and (4) failing to submit DMRs, and has discharged pollutants without a valid NPDES permit as set forth in Exhibits 1-6.

164.    Defendant SCC, as an operator, is subject to injunctive relief as set forth below.

165.    Defendant SCC, as an operator, is subject to a civil penalty per day for each violation as set forth below.

37

## II. Claims Against Defendants in the State of Alabama

### a. Alabama: First Claim for Relief

*(Exceedances of NPDES Permit Limits)*

166. Paragraphs 1-58 and 87-100 are realleged and incorporated by reference.

167. NPDES Permits issued to Defendant, Justice Coal of Alabama, LLC, require Defendant, Justice Coal of Alabama, LLC, to monitor discharges of wastewater into receiving waters by periodically sampling for the pollutants.

168. DMRs submitted by Defendant, Justice Coal of Alabama, LLC, reflect that Defendant, Justice Coal of Alabama, LLC has discharged pollutants in excess of the permitted daily minimum and/or daily maximum, monthly average, monthly, and quarterly effluent limitations, as set forth in Exhibit 1.

169. Each exceedance of an effluent limitation identified in Exhibit 1 is a violation of Defendant Justice Coal of Alabama, LLC's relevant NPDES permits.

170. Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b) and Section 22-22A-5(19) of the Alabama Environmental Management Act, Defendants, SCC, as an operator, and Justice Coal of Alabama, LLC, are subject to injunctive relief.

171. Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), the Defendants, SCC, as an operator, and Justice Coal of Alabama, LLC, shall be subject to a civil penalty of up to $25,000 per day for each violation.

172. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. §§ 3701-3733, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory

38

maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

173.    Pursuant to the Alabama Environmental Management Act at Section 22-22A-5(18), Defendants, SCC, as an operator, and Justice Coal of Alabama, LLC, are liable for civil penalties of up to $25,000 for each violation.

### b.  Alabama: Second Claim for Relief

*(Failures to Perform and Record Complete Discharge Samplings)*

174.    Paragraphs 1-58 and 87-100 are realleged and incorporated by reference.

175.    NPDES Permits issued to Defendant, Justice Coal of Alabama, LLC, require Defendant, Justice Coal of Alabama, LLC, to report discharge monitoring data to ADEM that must include sampling data for every pollutant parameter identified in the applicable NPDES Permits.

176.    Defendant, Justice Coal of Alabama, LLC, reported only partial sampling data for a number of NPDES Permits.  DMRs submitted to ADEM reflect that Defendant, Justice Coal of Alabama, LLC, failed to perform complete sampling of all the NPDES Permit pollutant parameters, as set forth in Exhibit 1.

177.    Each failure to sample identified in Exhibit 1 is a violation of Defendant, Justice Coal of Alabama, LLC's relevant NPDES Permits.

178.    Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b) and Section 22-22A-5(19) of the Alabama Environmental Management Act, Defendants, SCC, as an operator, and Justice Coal of Alabama, LLC, are subject to injunctive relief.

39

179. Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Defendants, SCC, as an operator, and Justice Coal of Alabama, LLC, shall be subject to a civil penalty of up to $25,000 per day for each violation.

180. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. §§ 3701-3733, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

181. Pursuant to the Alabama Environmental Management Act at Section 22-22A-5(18), Defendants, SCC, as an operator, and Justice Coal of Alabama, LLC, are liable for civil penalties of up to $25,000 for each violation.

### c. Alabama: Third Claim for Relief

*(Failures to Submit Complete Quarterly DMR Reports)*

182. Paragraphs 1-58 and 87-100 are realleged and incorporated by reference.

183. NPDES Permits issued to Defendant, Justice Coal of Alabama, LLC require the Defendant, Justice Coal of Alabama, LLC, to complete a DMR every month for every outfall listed on the Permits and to submit these DMRs to ADEM on a quarterly basis.

184. Defendant, Justice Coal of Alabama, LLC, failed to submit complete quarterly DMR reports to ADEM, as set forth in Exhibit 1.

185. Each failure to submit complete quarterly DMR reports as identified in Exhibit 1 is a violation of Defendant, Justice Coal of Alabama, LLC's NPDES Permits.

186.    Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b) and Section 22-22A-5(19) of the Alabama Environmental Management Act, Defendants, SCC, as an operator and Justice Coal of Alabama, LLC, are subject to injunctive relief.

187.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), the Defendants, SCC, as an operator, and Justice Coal of Alabama, LLC, shall be subject to a civil penalty of up to $25,000 per day for each violation.

188.    Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. §§ 3701-3733, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

189.    Pursuant to the Alabama Environmental Management Act at Section 22-22A-5(18), Defendants, SCC, as an operator, and Justice Coal of Alabama, LLC, are liable for civil penalties of up to $25,000 for each violation.

### d.  Alabama: Fourth Claim for Relief

*(Failures to Submit Quarterly DMR Reports)*

190.    Paragraphs 1-58 and 87-100 are realleged and incorporated by reference.

191.    The NPDES Permits issued to Defendant, Justice Coal of Alabama, LLC, require Defendant, Justice Coal of Alabama, LLC to complete a DMR every month for every outfall listed on each NPDES Permit and to submit these DMRs to ADEM on a quarterly basis.

192.    Defendant, Justice Coal of Alabama, LLC, failed to submit quarterly DMR reports to ADEM, as set forth in Exhibit 1.

41

193.     Each failure to submit a quarterly DMR report as identified in Exhibit 1 is a violation of Defendant, Justice Coal of Alabama, LLC's NPDES Permits.

194.     Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b) and Section 22-22A-5(19) of the Alabama Environmental Management Act, Defendants, SCC, as an operator, and Justice Coal of Alabama, LLC, are subject to injunctive relief.

195.     Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Defendants, SCC, as an operator, and Justice Coal of Alabama, LLC, shall be subject to a civil penalty of up to $25,000 per day for each violation.

196.     Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. §§ 3701-3733, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

197.     Pursuant to the Alabama Environmental Management Act at Section 22-22A-5(18), Defendants, SCC, as an operator, and Justice Coal of Alabama, LLC, are liable for civil penalties of up to $25,000 for each violation.

### III.     Claims Against Defendants in Commonwealth of Kentucky

#### a.     Kentucky: First Claim for Relief

*(Exceedances of NPDES Permit Limits)*

198.     Paragraphs 1-50, 59-65, 87-92, and 101-108 are realleged and incorporated by reference.

199.     NPDES Permits issued to Defendants, A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or

Virginia Fuel Corporation, require those Defendants to monitor discharges of wastewater into receiving waters by periodically sampling for the pollutants.

200.    DMRs submitted by Defendants, A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, reflect that those Defendants have discharged pollutants in excess of the permitted daily minimum and/or daily maximum, monthly average, monthly, and quarterly effluent limitations, as set forth in Exhibit 2.

201.    Each exceedance of an effluent limitation identified in Exhibit 2 is a violation of Defendants', A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, relevant NPDES permits.

202.    Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b) and KRS § 224.99-020, Defendants, SCC, as an operator, and A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, are subject to injunctive relief.

203.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), the Defendants, SCC, as an operator, and A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, shall be subject to a civil penalty of up to $25,000 per day for each violation.

204.    Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum

penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

205.     Pursuant to KRS 224.99-010(1), Defendants, SCC, as an operator, and A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, are liable for civil penalties of up to $25,000 per day for each violation.

### b.   Kentucky: Second Claim for Relief

*(Failures to Perform and Record Complete Discharge Samplings)*

206.     Paragraphs 1-50, 59-65, 87-92, and 101-108 are realleged and incorporated by reference.

207.     NPDES Permits issued to Defendants, A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, require those Defendants to report discharge monitoring data to ADEM that must include sampling data for every pollutant parameter identified in the applicable NPDES permits.

208.     Defendants, A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, reported only partial sampling data for a number of NPDES Permits.  DMRs submitted to Kentucky Energy and Environment Cabinet reflect that those Defendants failed to perform complete sampling of all the NPDES Permit pollutant parameters, as set forth in Exhibit 2.

209.     Each failure to sample identified in Exhibit 2 is a violation of the relevant Defendants', A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc.,

Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, relevant NPDES Permits.

210. Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b) and KRS 224.99-020, Defendants, SCC, as an operator, and A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, are subject to injunctive relief.

211. Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Defendants, SCC, as an operator, and A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, shall be subject to a civil penalty of up to $25,000 per day for each violation.

212. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

213. Pursuant to KRS 224.99-010(1), Defendants, SCC, as an operator, and A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, are liable for civil penalties of up to $25,000 per day for each violation.

### c. Kentucky: Third Claim for Relief

*(Failures to Submit Complete Quarterly DMR Reports)*

214. Paragraphs 1-50, 59-65, 87-92, and 101-108 are realleged and incorporated by reference.

215.    NPDES Permits issued to Defendants, A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, require those Defendants to complete a DMR every month for every outfall listed on the permits and to submit these DMRs to the Kentucky Energy and Environment Cabinet on a quarterly basis.

216.    Defendants, A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, failed to submit complete quarterly DMR reports to the Kentucky Energy and Environment Cabinet, as set forth in Exhibit 2.

217.    Each failure to submit complete quarterly DMR reports identified in Exhibit 2 is a violation of Defendants', A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, relevant NPDES Permits.

218.    Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b) and KRS 224.99-020, Defendants, SCC, as an operator, and A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, are subject to injunctive relief.

219.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), the Defendants, SCC, as an operator, and A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, shall be subject to a civil penalty of up to $25,000 per day for each violation.

220.    Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701,

46

as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum

penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500

per day for each violation occurring after January 12, 2009.

221.    Pursuant to KRS 224.99-010(1), Defendants, SCC, as an operator, and A & G

Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation,

Sequoia Energy, LLC, and/or Virginia Fuel Corporation, are liable for civil penalties of up to

$25,000 for each day of violation.

### d.  Kentucky: Fourth Claim for Relief

*(Failures to Submit Quarterly DMR Reports)*

222.    Paragraphs 1-50, 59-65, 87-92, and 101-108 are realleged and incorporated by

reference.

223.    NPDES Permits issued to Defendants, A & G Coal Corporation, Four Star

Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or

Virginia Fuel Corporation, and/or the NPDES Permit for which Kentucky Fuel Corporation was

an operator, require those Defendants to complete a DMR every month for every outfall listed on

each NPDES Permit and to submit these DMRs to the Kentucky Energy and Environment

Cabinet on a quarterly basis.

224.    Defendants, A & G Coal Corporation, Four Star Resources LLC, Infinity Energy,

Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, failed

to submit quarterly DMR reports to Kentucky Energy and Environment Cabinet, as set forth in

Exhibit 2.

225.    Each failure to submit a quarterly DMR report as identified in Exhibit 2 is a

violation of Defendants', A & G Coal Corporation, Four Star Resources LLC, Infinity Energy,

Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, relevant NPDES Permits, and/or the NPDES Permit where Kentucky Fuel Corporation was an operator.

226.     Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b) and KRS 224.99-020, Defendants, SCC, as an operator, and A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, are subject to injunctive relief.

227.     Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Defendants, SCC, as an operator, and A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, shall be subject to a civil penalty of up to $25,000 per day for each violation.

228.     Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

229.     Pursuant to KRS 224.99-010(1), Defendants, SCC, as an operator, and A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation, are liable for civil penalties of up to $25,000 per day for each violation.

## IV.    Claims Against Defendants in the State of Tennessee

### a.   Tennessee: First Claim for Relief

*(Exceedances of NPDES Permit Limits)*

230.    Paragraphs 1-50, 66-75, 87-92, and 109-120 are realleged and incorporated by reference.

231.    NPDES Permits issued to Defendants, National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., require those Defendants to monitor discharges of wastewater into receiving waters by periodically sampling for the pollutants.

232.    DMRs submitted by Defendants, National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., reflect that those Defendants have discharged pollutants in excess of the permitted daily minimum and/or daily maximum, monthly average, monthly, and quarterly effluent limitations, as set forth in Exhibit 3.

233.    Each exceedance of an effluent limitation identified in Exhibit 3 is a violation of the relevant Defendants', National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., relevant NPDES permits.

234.    Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and the TWQCA, Tenn. Code Ann. § 69-3-117, Defendants, SCC, as an operator, and National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., are subject to injunctive relief.

235.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), the Defendants, SCC, as an operator, and National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., shall be subject to a civil penalty of up to $25,000 per day for each violation.

236.    Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701,

as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum

penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500

per day for each violation occurring after January 12, 2009.

237.     Pursuant to the TWQCA, Tenn. Code Ann. § 69-3-115(a)(1), Defendants, SCC,

as an operator, and National Coal, LLC, Premium Coal Company, Incorporated, and S and H

Mining Inc., are liable for civil penalties of up to $10,000 per day for each day of violation.

### b.  Tennessee: Second Claim for Relief

*(Failures to Perform and Record Complete Discharge Samplings and*
*Biological Monitoring)*

238.     Paragraphs 1-50, 66-75, 87-92, and 109-120 are realleged and incorporated by

reference.

239.     NPDES Permits issued to Defendants, National Coal, LLC, and/or Premium Coal

Company, Incorporated, required those Defendants to report discharge monitoring data to TDEC

that must include sampling data for every pollutant parameter and biological monitoring

identified in the applicable NPDES permits.

240.     Defendants, National Coal, LLC, and/or Premium Coal Company, Incorporated,

reported only partial sampling data and biological monitoring for a number of NPDES Permits.

DMRs submitted to TDEC reflect that those Defendants failed to perform complete sampling of

NPDES Permit pollutant parameters and biological monitoring, as set forth in Exhibit 3.

241.     Each failure to sample and monitor identified in Exhibit 3 is a violation of the

Defendants', National Coal, LLC, and/or Premium Coal Company, Incorporated, relevant

NPDES Permits.

50

242.     Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b) and the TWQCA, Tenn. Code Ann. § 69-3-117, Defendants, SCC, as an operator, and National Coal, LLC, and/or Premium Coal Company, Incorporated, are subject to injunctive relief.

243.     Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Defendants, SCC, as an operator, and National Coal, LLC, and/or Premium Coal Company, Incorporated, shall be subject to a civil penalty of up to $25,000 per day for each violation.

244.     Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

245.     Pursuant to TWQCA, Tenn. Code Ann. § 69-3-115, Defendants, SCC, as an operator, and National Coal, LLC, and/or Premium Coal Company, Incorporated, are liable for civil penalties of up to $10,000 per day for each day of violation.

### c.  Tennessee: Third Claim for Relief

*(Failures to Submit Complete Quarterly DMR Reports)*

246.     Paragraphs 1-50, 66-75, 87-92, and 109-120 are realleged and incorporated by reference.

247.     NPDES Permits issued to Defendants, National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., require those Defendants to complete a DMR every month for every outfall listed on the permits and to submit these DMRs to the TDEC on a quarterly basis.

248.     Defendants, National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., failed to submit complete quarterly DMR reports to the TDEC, as set forth in Exhibit 3.

249.     Each failure to monitor and/or submit complete quarterly DMR reports identified in Exhibit 3 is a violation of Defendants', National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., relevant NPDES Permits.

250.     Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b) and the TWQCA, Tenn. Code Ann. § 69-3-117, Defendants, SCC, as an operator, and National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., are subject to injunctive relief.

251.     Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), the Defendants, SCC, as an operator, and National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., shall be subject to a civil penalty of up to $25,000 per day for each violation.

252.     Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

253.     Pursuant to the TWQCA, Tenn. Code Ann. § 69-3-115, Defendants, SCC, as an operator, and National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., are liable for civil penalties of up to $10,000 per day for each day of violation.

### d. Tennessee: Fourth Claim for Relief

*(Failures to Submit Quarterly DMR Reports)*

254.    Paragraphs 1-50, 66-75, 87-92, and 109-120 are realleged and incorporated by reference.

255.    NPDES Permits issued to Defendants, National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., require those Defendants to complete a DMR every month for every outfall listed on each NPDES Permit and to submit these DMRs to TDEC on a quarterly basis.

256.    Defendants, National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., failed to submit quarterly DMR reports to TDEC as set forth in Exhibit 3.

257.    Each failure to submit a quarterly DMR report as identified in Exhibit 3 is a violation of Defendants', National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., relevant NPDES Permits.

258.    Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b) and the TWQCA, Tenn. Code Ann. § 69-3-117, Defendants, SCC, as an operator, and National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., are subject to injunctive relief.

259.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Defendants, SCC, as an operator, and National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., shall be subject to a civil penalty of up to $25,000 per day for each violation.

260.    Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum

53

penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

261. Pursuant to the TWQCA, Tenn. Code Ann. § 69-3-115, Defendants, SCC, as an operator, and National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., are liable for civil penalties of up to $10,000 per day for each day of violation.

### e. Tennessee: Fifth Claim for Relief

*(Discharges without a NPDES Permit)*

262. Paragraphs 1-50, 66-75, 87-92, and 109-120 are realleged and incorporated by reference.

263. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits "the discharge of any pollutant by any person" to waters of the United States, except, *inter alia*, in compliance with an NPDES permit issued by EPA or an authorized state pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

264. TWQCA, Tenn. Code Ann § 69-3-108 prohibits the discharge of "industrial wastes or other wastes into waters, or a location from which it is likely that the discharged substance will move into waters" except in accordance with a valid NPDES permit. Tenn. Code Ann § 69-3-108(b)(5).

265. Defendants, National Coal, LLC, and/or Premium Coal Company, Incorporated, discharged pollutants to waters of Tennessee and waters of the United States from point sources without NPDES permits, as set forth in Exhibit 3.

266. Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b) and the TWQCA, Tenn. Code Ann. § 69-3-117, Defendants, SCC, as an operator, and National Coal, LLC, and/or Premium Coal Company, Incorporated, are subject to injunctive relief.

54

267.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Defendants, SCC, as an operator, and National Coal, LLC, and/or Premium Coal Company, Incorporated, shall be subject to a civil penalty of up to $25,000 per day for each violation.

268.    Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

269.    Pursuant to the TWQCA, Tenn. Code Ann. § 69-3-115, Defendants, SCC, as an operator, and National Coal, LLC, and/or Premium Coal Company, Incorporated, are liable for civil penalties of up to $10,000 per day for each day of violation.

## V.    Claims Against Defendants in the Commonwealth of Virginia

### a.   Virginia: First Claim for Relief

*(Exceedances of NPDES Permit Limits)*

270.    Paragraphs 1-50, 76-85, 87-92, and 121-128 are realleged and incorporated by reference.

271.    NPDES Permits issued to Defendants, A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., and/or Virginia Fuel Corporation, and/or the NPDES Permit for coal mining and/or processing operated by Defendant Nine Mile Mining, Inc., require those Defendants to monitor discharges of wastewater into receiving waters by periodically sampling for the pollutants.

55

272.     DMRs submitted by Defendants, A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., Nine Mile Mining, Inc., and/or Virginia Fuel Corporation, reflect that those Defendants have discharged pollutants in excess of the permitted daily minimum and/or daily maximum, monthly average, monthly, and quarterly effluent limitations, as set forth in Exhibit 4.

273.     Each exceedance of an effluent limitation identified in Exhibit 4 is a violation of the relevant Defendants', A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., and/or Virginia Fuel Corporation, relevant NPDES Permits, and/or the NPDES Permit  operated by Defendant Nine Mile Mining, Inc.

274.     Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b) and Va. Code § 62.1-44.23, Defendants, SCC, as an operator, and A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., Nine Mile Mining, Inc., and/or Virginia Fuel Corporation, are subject to injunctive relief.

275.     Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), the Defendants, SCC, as an operator, and A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., Nine Mile Mining, Inc., and/or Virginia Fuel Corporation, shall be subject to a civil penalty of up to $25,000 per day for each violation.

276.     Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701,

as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

277.    Pursuant to Va. Code § 62.1-44.32, Defendants, SCC, as an operator, and A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., Nine Mile Mining, Inc., and/or Virginia Fuel Corporation, are liable for civil penalties of up to $32,500 per day for each day of violation.

### b.  Virginia: Second Claim for Relief

*(Failures to Perform and Record Complete Discharge Samplings)*

278.    Paragraphs 1-50, 76-85, 87-92, and 121-128 are realleged and incorporated by reference.

279.    NPDES Permits issued to Defendants, A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Inc., Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., Nine Mile Mining, Inc., and/or Virginia Fuel Corporation, and/or the NPDES Permit for coal mining and/or processing operated by Defendant Nine Mile Mining, Inc., required those Defendants to report discharge monitoring data to VA DMME that must include sampling data for every pollutant parameter identified in the applicable NPDES permits.

280.    Defendants, A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., Nine Mile Mining, Inc., and/or Virginia Fuel Corporation, reported only partial

sampling data for a number of NPDES Permits.  DMRs submitted to VA DMME reflect that those Defendants failed to perform complete sampling of all the NPDES Permit pollutant parameters, as set forth in Exhibit 4.

281.    Each failure to sample identified in Exhibit 4 is a violation of the Defendants', A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., and/or Virginia Fuel Corporation, relevant NPDES Permits, and/or the NPDES Permit for coal mining and/or processing operated by Defendant Nine Mile Mining, Inc.

282.    Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b) and Va. Code § 62.1-44.23, Defendants, SCC, as an operator, and A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., Nine Mile Mining, Inc., and/or Virginia Fuel Corporation, are subject to injunctive relief.

283.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Defendants, SCC, as an operator, and A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., Nine Mile Mining, Inc., and/or Virginia Fuel Corporation, shall be subject to a civil penalty of up to $25,000 per day for each violation.

284.    Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

285.     Pursuant to Va. Code § 62.1-44.32, Defendants, SCC, as an operator, and A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., Nine Mile Mining, Inc., and/or Virginia Fuel Corporation, are liable for civil penalties of up to $32,500 per day for each day of violation.

### c.  Virginia: Third Claim for Relief

*(Failures to Submit Complete Quarterly DMR Reports)*

286.     Paragraphs 1-50, 76-85, 87-92, and 121-128 are realleged and incorporated by reference.

287.     NPDES Permits issued to Defendants A & G Coal Corporation, and/or Virginia Fuel Corporation, require those Defendants to complete a DMR every month for every outfall listed on the permits and to submit these DMRs to the VA DMME on a quarterly basis.

288.     Defendants, A & G Coal Corporation, and/or Virginia Fuel Corporation, failed to submit complete quarterly DMR reports to the VA DMME, as set forth in Exhibit 4.

289.     Each failure to submit complete quarterly DMR reports identified in Exhibit 4 is a violation of Defendants', A & G Coal Corporation, and/or Virginia Fuel Corporation, NPDES Permits.

290.     Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b) and Va. Code § 62.1-44.23, Defendants, SCC, as an operator, and A & G Coal Corporation, and/or Virginia Fuel Corporation, are subject to injunctive relief.

291.     Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), the Defendants, SCC, as an operator, and A & G Coal Corporation, and/or Virginia Fuel Corporation, shall be subject to a civil penalty of up to $25,000 per day for each violation.

59

292. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

293. Pursuant to Va. Code § 62.1-44.32, Defendants, SCC, as an operator, and A & G Coal Corporation, and/or Virginia Fuel Corporation, are liable for civil penalties of up to $32,500 per day for each day of violation.

### d. Virginia: Fourth Claim for Relief

*(Failures to Submit Quarterly DMR Reports)*

294. Paragraphs 1-50, 76-85, 87-92, and 121-128 are realleged and incorporated by reference.

295. NPDES Permits issued to Defendants, A & G Coal Corporation, Black River Coal, LLC, Cane Patch Mining Co., Inc., and/or Virginia Fuel Corporation, and the NPDES Permits for coal mining and/or processing operated by A & G Coal Corporation, require those Defendants to complete a DMR every month for every outfall listed on each NPDES Permit and to submit these DMRs to the VA DMME on a quarterly basis.

296. Defendants, A & G Coal Corporation, Black River Coal, LLC, Cane Patch Mining Co., Inc., and/or Virginia Fuel Corporation, failed to submit quarterly DMR reports to the VA DMME, as set forth in Exhibit 4.

297. Each failure to submit a quarterly DMR report as identified in Exhibit 4 is a violation of Defendants', A & G Coal Corporation, Black River Coal, LLC, Cane Patch Mining

Co., Inc., and/or Virginia Fuel Corporation, NPDES Permits, and/or NPDES Permits for coal mining and/or processing operated by A & G Coal Corporation.

298. Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b) and Va. Code § 62.1-44.23, Defendants, SCC, as an operator, and A & G Coal Corporation, Black River Coal, LLC, Cane Patch Mining Co., Inc., and/or Virginia Fuel Corporation, are subject to injunctive relief.

299. Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Defendants, SCC, as an operator, and A & G Coal Corporation, Black River Coal, LLC, Cane Patch Mining Co., Inc., and/or Virginia Fuel Corporation, shall be subject to a civil penalty of up to $25,000 per day for each violation.

300. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

301. Pursuant to Va. Code § 62.1-44.32, Defendants, SCC, as an operator, and A & G Coal Corporation, Black River Coal, LLC, and/or Virginia Fuel Corporation, are liable for civil penalties of up to $32,5000 per day for each day of violation.

## VI.     Claims Against Defendants in the State of West Virginia

### a.   West Virginia: First Claim for Relief

*(Exceedances of NPDES Permit Limits)*

302. Paragraphs 1-50, 86-92, and 129-135 are realleged and incorporated by reference.

61

303.     NPDES Permits issued to Defendants, Bluestone Resources Inc., Chestnut Land Holdings, LLC, Dynamic Energy, Inc., Greenthorn, LLC, Justice Highwall Mining, Inc., Kentucky Fuel Corporation, National Resources, Inc., Nufac Mining Company, Inc., Pay Car Mining, Inc., and Second Sterling Corp., require those Defendants to monitor discharges of wastewater into receiving waters by periodically sampling for the pollutants.

304.     DMRs submitted by Defendants, Bluestone Resources Inc., Chestnut Land Holdings, LLC, Dynamic Energy, Inc., Greenthorn, LLC, Justice Highwall Mining, Inc., Kentucky Fuel Corporation, National Resources, Inc., Nufac Mining Company, Inc., Pay Car Mining, Inc., and Second Sterling Corp., reflect that those Defendants have discharged pollutants in excess of the permitted daily minimum and/or daily maximum, monthly average, monthly, and quarterly effluent limitations as set forth in Exhibit 5.

305.     Each exceedance of an effluent limitation identified in Exhibit 5 is a violation of the Defendants', Bluestone Resources Inc., Chestnut Land Holdings, LLC, Dynamic Energy, Inc., Greenthorn, LLC, Justice Highwall Mining, Inc., Kentucky Fuel Corporation, National Resources, Inc., Nufac Mining Company, Inc., Pay Car Mining, Inc., and Second Sterling Corp., relevant NPDES Permits.

306.     Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), Defendants, SCC, as an operator, and Bluestone Resources Inc., Chestnut Land Holdings, LLC, Dynamic Energy, Inc., Greenthorn, LLC, Justice Highwall Mining, Inc., Kentucky Fuel Corporation, Inc., National Resources, Inc., Nufac Mining Company, Inc., Pay Car Mining, Inc., and Second Sterling Corp., are subject to injunctive relief.

307.     Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), the Defendants, SCC, as an operator, and Bluestone Resources Inc., Chestnut Land Holdings, LLC, Dynamic

Energy, Inc., Greenthorn, LLC, Justice Highwall Mining, Inc., Kentucky Fuel Corporation, National Resources, Inc., Nufac Mining Company, Inc., Pay Car Mining, Inc., and Second Sterling Corp., shall be subject to a civil penalty of up to $25,000 per day for each violation.

308.    Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

### b.  West Virginia: Second Claim for Relief

*(Failures to Submit Complete Quarterly DMR Reports)*

309.    Paragraphs 1-50, 86-92, and 129-135 are realleged and incorporated by reference.

310.    NPDES Permits issued to Defendants, Chestnut Land Holdings, LLC, Greenthorn, LLC, and Newgate Development of Beckley LLC, require those Defendants to complete a DMR every month for every outfall listed on the permits and to submit these DMRs to the WVDEP on a quarterly basis.

311.    Defendants, Chestnut Land Holdings, LLC, Greenthorn, LLC, and Newgate Development of Beckley LLC, failed to submit complete quarterly DMR reports to the WVDEP, as set forth in Exhibit 5.

312.    Each failure to submit complete quarterly DMR reports as identified in Exhibit 5 is a violation of Defendants', Chestnut Land Holdings, LLC, Greenthorn, LLC, and Newgate Development of Beckley LLC, relevant NPDES Permits.

313. Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), Defendants, SCC, as an operator, and Chestnut Land Holdings, LLC, Greenthorn, LLC, and Newgate Development of Beckley LLC, are subject to injunctive relief.

314. Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), the Defendants, Chestnut Land Holdings, LLC, Greenthorn, LLC, and Newgate Development of Beckley LLC, shall be subject to a civil penalty of up to $25,000 per day for each violation.

315. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

### c. West Virginia: Third Claim for Relief

*(Failures to Submit Quarterly DMR Reports)*

316. Paragraphs 1-50, 86-92, and 129-135 are realleged and incorporated by reference.

317. NPDES Permits issued to Chestnut Land Holdings, LLC, Greenthorn, LLC, and Newgate Development of Beckley LLC, require those Defendants to complete a DMR every month for every outfall listed on each NPDES Permit and to submit these DMRs to the WVDEP on a quarterly basis.

318. Defendants, Chestnut Land Holdings, LLC, Greenthorn, LLC, and Newgate Development of Beckley LLC, failed to submit quarterly DMR reports to the WVDEP, as set forth in Exhibit 5.

64

319.     Each failure to submit a quarterly DMR report as identified in Exhibit 5 is a violation of Defendants', Chestnut Land Holdings, LLC, Greenthorn, LLC, and Newgate Development of Beckley LLC, relevant NPDES Permits.

320.     Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), Defendants, SCC, as an operator, and Chestnut Land Holdings, LLC, Greenthorn, LLC, and Newgate Development of Beckley LLC, are subject to injunctive relief.

321.     Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Defendants, SCC, as an operator, and Chestnut Land Holdings, LLC, Greenthorn, LLC, and Newgate Development of Beckley LLC, shall be subject to a civil penalty of up to $25,000 per day for each violation.

322.     Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

## VII.    Claims Against National Coal, LLC and Premium Coal Company, Incorporated

*(Information Request Violations)*

323.     Paragraphs 1, 3-9, 17-18, 36, 38, 44, 47-50 and 136-160 are realleged and incorporated by reference.

324.     Defendants, National Coal, LLC and Premium Coal Company, Incorporated, failed to timely and/or fully respond to EPA's requests for information in violation of Section 308(a) of the CWA, 33 U.S.C. § 1318(a), as set forth in Exhibit 7.

325.     Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Defendants, National Coal, LLC and Premium Coal Company, Incorporated, shall be subject to a civil penalty of up to $25,000 per day for each violation.

326.     Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, as well as 78 Fed. Reg. 66643 (November 6, 2013), 40 C.F.R. § 19.4, the statutory maximum penalty under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), has been increased to $37,500 per day for each violation occurring after January 12, 2009.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America, the State of Alabama, ADEM, the Commonwealth of Kentucky, State of Tennessee, and the Commonwealth of Virginia request that this Court:

1.     Order the Defendants to cease discharging pollutants except as expressly authorized by the CWA, and, as applicable, the AWPCA, Alabama Environmental Management Act, KRS, TWQCA, VA SWCL, and the limitations and conditions of applicable NPDES permits;

2.     Order the Defendants to take all necessary steps to comply with the CWA, and, as applicable, the AWPCA, Alabama Environmental Management Act, KRS, TWQCA, VA SWCL, the implementing regulations for those statutes, and the terms, conditions, and limitations of the applicable NPDES permits;

3.     Assess civil penalties against each Defendant up to $37,500 per day for each violation of the CWA that occurred after January 12, 2009; and in addition,

4.      Assess civil penalties against Defendant, Justice Coal of Alabama, LLC, up to $25,000 per day for each violation in the State of Alabama pursuant to Section 22-22A-5(18) of the Alabama Environmental Management Act;

5.      Assess civil penalties against Defendants, A & G Coal Corporation, Four Star Resources LLC, Infinity Energy, Inc., Kentucky Fuel Corporation, Sequoia Energy, LLC, and/or Virginia Fuel Corporation of up to $25,000 per day for each day of violation in the Commonwealth of Kentucky pursuant to KRS 224.99-010;

6.      Assess civil penalties against Defendants, National Coal, LLC, Premium Coal Company, Incorporated, and S and H Mining Inc., up to $10,000 per day for each day of violation in the State of Tennessee pursuant to Tenn. Code Ann. Sec. 69-3-115(a)(1);

7.      Assess civil penalties against Defendants, A & G Coal Corporation, Airway Resources, L.L.C., Baden Reclamation Company, Black River Coal, LLC, Cane Patch Mining Co., Inc., Chestnut Land Holdings, LLC, Meg-Lynn Land Company, Inc., and/or Virginia Fuel Corporation, of up to $37,500 per day for each day of violation in the Commonwealth of Virginia pursuant to Va. Code § 62.1-44.32;

8.      Order the Defendants to reimburse the United States, Alabama, Kentucky, Tennessee, and Virginia for the costs and disbursements of this action; and

9.      Grant such other relief as the Court may deem appropriate.

Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

LORI JONAS (CA Bar No.: 158268)
Senior Attorney
Tel: (202) 514-4080
Email: lori.jonas@usdoj.gov

LESLIE ALLEN (Wash. DC Bar No.: 421354)
Senior Attorney
Tel: (202) 514-4114
Email: leslie.allen@usdoj.gov

LEIGH P. RENDÉ  (PA Bar No.: 203452)
Trial Attorney
Tel: (202) 514-1461
Email: leigh.rende@usdoj.gov

PATRICK CASEY (FL Bar No.: 731048)
Senior Counsel
Tel: (202) 514-1448
Email: patrick.casey@usdoj.gov

Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044

68

JOHN P. FISHWICK JR.
United States Attorney
Western District of Virginia

_____

ANTHONY P. GIORNO (VSB No.: 15830)
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
310 1st Street, SW
Room 906
Roanoke, VA 24011
Tel: 540-857-2906
Email: anthony.giorno@usdoj.gov

69

OF COUNSEL:

MELISSA RAACK
Attorney-Advisor
U.S. Environmental Protection Agency
Office of Enforcement and Compliance Assurance
1200 Pennsylvania Avenue, NW
Washington, D.C. 20460

KAVITA K. NAGRANI
Associate Regional Counsel
U.S. Environmental Protection Agency, Region IV
61 Forsyth Street, S.W.
Atlanta, Georgia 30303

DOUG FRANKENTHALER
Associate Regional Counsel
U.S. Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, Pennsylvania 19103

FOR THE STATE OF ALABAMA

Robert Tambling (AL Bar No.: ASB-6026-N67R)
Assistant Attorney General
State of Alabama
501 Washington Avenue
Montgomery, Alabama 36130-1463
Tel: (334) 242-7445
Email: rtambling@ago.state.al.us


Schuyler K. Espy (AL Bar No.: ASB-7686-B37K)
Associate General Counsel
Alabama Department of Environmental Management
P.O. Box 301463
Montgomery, Alabama 36130-1463
Tel: (334) 271-7855
Email: sespy@adem.state.al.us

71

FOR THE STATE OF ALABAMA

_____

Robert Tambling (AL Bar No.: ASB-6026-N67R)
Assistant Attorney General
State of Alabama
501 Washington Avenue
Montgomery, Alabama 36130-1463
Tel: (334) 242-7445
Email: rtambling@ago.state.al.us

Schuyler K. Espy (AL Bar No.: ASB-7686-B37K)
Associate General Counsel
Alabama Department of Environmental Management
P.O. Box 301463
Montgomery, Alabama 36130-1463
Tel: (334) 271-7855
Email: sespy@adem.state.al.us

71

FOR THE COMMONWEALTH OF KENTUCKY

Lance Huffman (KY Bar No.: 93711)
Kentucky Energy and Environment Cabinet
Office of General Counsel
2 Hudson Hollow
Frankfort, Kentucky 40601
Tel: (502) 564-2356 ext. 776
Email: lance.huffman@ky.gov

72

FOR THE STATE OF TENNESSEE

HERBERT H. SLATERY III
Attorney General and Reporter
State of Tennessee

WILSON S. BUNTIN (TN Bar No.: 023231)
Senior Counsel
Tennessee Attorney General's Office
Environmental Division
P.O. Box 20207
Nashville. TN 37202
Tel: (615) 253-5118
Email: wilson.buntin@ag.tn.gov

73

FOR THE COMMONWEALTH OF VIRGINIA

_____
Paul Kugelman, Jr. (VSB No.: 41624)
Senior Assistant Attorney General
Office of the Virginia Attorney General
900 East Main Street
Richmond, Virginia 23219
Tel: (804) 786-3811
Email: pkugelman@oag.state.va.us

74