# ATTACHMENT A



P.O. Box 507
Lewisburg, WV 24901
ph: 304-645-9006
fax: 304-645-9008
email: info@appalmad.org
www.appalmad.org

Lori Jonas
Acting Assistant Attorney General
U.S. DOJ – ENRD
P.O. Box 7611
Washington, DC 20044
pubcomment-ees.enrd@usdoj.gov

    Re: *United States et al. v. Southern Coal Corporation et al.* Civil Action No. 7:16-462 (W.D. Va), D.J. Ref. No. 90-5-1-1-10974.

Dear Ms. Jonas,

    On behalf of the Sierra Club, Southern Appalachian Mountain Stewards, Ohio Valley Environmental Coalition, West Virginia Highlands Conservancy, Tennessee Clean Water Network, Statewide Organizing for Community eMpowerment, Appalachian Voices, Appalachian Citizens' Law Center, and Black Warrior Riverkeeper (hereinafter, collectively, the "Citizens' Groups"), this letter provides comments on the Proposed Consent Decree lodged in the above-captioned case on September 30, 2016 and noticed in the Federal Register on October 7, 2016.

    The complaint alleges numerous violations of the Clean Water Act by various companies affiliated with Southern Coal Corporation and James C. Justice II (hereinafter the "Southern Coal Companies"). The undersigned Citizens' Groups have long monitored the Southern Coal Companies' compliance with environmental laws and will continue to do so. To that end, the Citizens' Groups wish to highlight in these formal comments a concern, as well as their understanding of the prospective effect of the Proposed Consent Decree.

    The Proposed Consent Decree must have no preclusive effect on the ability of any person to bring a citizen suit against the Southern Coal Companies for *future* violations of the Clean Water Act. The rule is that consent judgments may only extinguish claims which predate their entry. *Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 327–28 (1955). Otherwise, if a prior judgment also extinguished future claims, it would confer "partial immunity from civil liability for future violations." *Id.* at 329. We further understand that this Consent Decree will not provide immunity for any violations, *past or future*, brought by any party, except for those violations specifically listed in Appendix F. We interpret Section XIV of the Proposed Consent Decree to embody these principles. Moreover, Paragraph 127 provides, "[d]efendants are responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations and permits; and Defendant's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein."

    Accordingly, we ask that you confirm that it is the position of the United States that the Proposed Consent Decree does not preclude any citizen suit against the Southern Coal Companies for Clean Water Act violations (or violations of any other environmental laws) that are not specifically listed in Appendix F of the Consent Decree. If the United States is unwilling to confirm our understanding on this issue, then the Citizens' Groups object to the entry of the Proposed Consent Decree

Thank you for your attention to these comments.

                                Sincerely,

                                J. Michael Becher

*Counsel for Sierra Club, Southern Appalachian Mountain Stewards, Ohio Valley Environmental Coalition, West Virginia Highlands Conservancy, Tennessee Clean Water Network, Statewide Organizing for Community eMpowerment, Appalachian Voices, Appalachian Citizens' Law Center, and Black Warrior Riverkeeper*