IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

(ROANOKE DIVISION)

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 7:16-cv-00462-GEC ) ) |
| SOUTHERN COAL CORPORATION, ET AL., | ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES',
STATE OF ALABAMA'S, AND THE STATE OF TENNESSEE'S MOTION TO
COMPEL COMPLIANCE WITH THE DECEMBER 19, 2016 CONSENT DECREE**

INTRODUCTION

Plaintiffs, the United States, the State of Alabama, and the State of Tennessee ("Governments") file this Memorandum in Support of the Governments' Motion to Compel Compliance with the December 19, 2016 Consent Decree ("CD"). Due to Defendants Southern Coal Corporation's, Premium Coal Company, Inc.'s, and Justice Coal of Alabama, LLC's failure to maintain adequate compliance with the CD, the United States issued a demand for completion of necessary work and payment of stipulated penalties to Defendants Southern Coal Corporation, Premium Coal Company, Inc., and Justice Coal of Alabama, LLC. Those Defendants have failed to timely complete necessary work and pay the stipulated penalties as required under the terms of the CD.

1

## BACKGROUND

On December 19, 2016, the Court entered a Consent Decree ("CD") in the above-captioned action. (Docket No. 21). The CD resolved 23,693 violations[1] alleged by the United States, the State of Alabama, the Commonwealth of Kentucky, the State of Tennessee, and the Commonwealth of Virginia ("Governments") in the Complaint filed in this action against Southern Coal Corporation, *et al*. ("Defendants")[2] under the Clean Water Act ("CWA"). (Docket No. 1, Exhibit 6). The CD required the Defendants to: (1) pay $900,000 in civil penalties based on their limited ability to pay; (2) perform injunctive relief including compliance with their CWA discharge permits; (3) provide financial assurance including a $4,500,000 letter of credit to assure injunctive relief compliance; (4) provide quarterly public monitoring reports of their non-compliance; and (5) pay stipulated penalties to the United States and relevant States for non-compliance with the CWA and CD. (Docket No. 21, ¶¶ 15, 21-102). The CD also provided for dispute resolution and retention of the Court's jurisdiction for the term of the CD. (Docket No. 21, ¶¶ 108-115, and 134).

The Defendants have a long history of CWA violations and non-compliance with the requirements of the CD. To date, the Defendants have reported payment of $2,866,750 in stipulated penalties to the Governments pursuant to the Court's requirements under the CD. *See,* Exhibit 1, ¶ 6.[3] Between May 6, 2020 and August 25, 2020, Defendants Southern Coal

---

[1] The CD also resolved 587 days of Information Request Violations. (Docket No. 1, Exhibit 7)
[2] The Defendants in the CD include Southern Coal Corporation ("SCC") and numerous SCC affiliates and subsidiaries. (Docket No. 1, ¶ 9-35).
[3] In a recent 2021 citizen suit settlement for additional CWA violations of permits also at issue in this case, Defendant Bluestone Resources Inc.'s subsidiary, Bluestone Coal Corporation, agreed to pay $30,000 in civil penalties, and $270,000 to the West Virginia Land Trust to fund a mitigation project intended to serve as mitigation for environmental harm. *See*, Exhibit 2, ¶¶ 15 and 17. In that citizen suit litigation, the District Court for the Southern District of West Virginia determined that Bluestone Coal Corporation was liable for 3,033 days of violation of the CWA for violating its NPDES permit conditions. *See,* Exhibit 3, page 18.

Corporation, Premium Coal Company, Inc., and Justice Coal of Alabama, LLC repeatedly failed to comply with the CD's requirements. As a result, on September 2, 2020, the United States issued a Demand for Stipulated Penalties and Notice of Default ("U.S. Demand") to Defendants Southern Coal Corporation, Premium Coal Company, Inc., and Justice Coal of Alabama, LLC. *See,* Exhibit 4.

The U.S. Demand provided notice that the relevant Defendants failed to submit timely permit applications and/or maintain required permit coverage pursuant to the CWA National Pollutant Discharge Elimination System ("NPDES") for 11 sites in the State of Tennessee, resulting in unpermitted discharges from three of those sites. Exhibit 4. Similarly, the U.S. Demand provided notice that the relevant Defendants failed to timely submit applications for three permits in the State of Alabama, resulting in the failure to maintain required permit coverage pursuant to the CWA NPDES for one site in Alabama, and unpermitted discharges from the site. Exhibit 4. The U.S. Demand provided notice that the failure to submit timely and complete applications to maintain NPDES permit coverage, the failure to maintain NPDES permit coverage, and the resulting unpermitted discharges are violations of the CD, ¶¶ 22 and 29, as well as the CWA. Exhibit 4; (Docket No. 21, ¶¶ 22 and 29). Further, the U.S. Demand provided notice that Defendants Southern Coal Corporation, Premium Coal Company, Inc., and Justice Coal of Alabama, LLC are required, under ¶¶ 22, 29, and 63 of the CD to take all necessary additional actions to comply with their NPDES permits for the term of the CD. Exhibit 4; (Docket No. 21, ¶¶ 22, 29, and 63).

As a result of their non-compliance with ¶¶ 22, 29, and 63 of the CD, the United States demanded that Defendants Southern Coal Corporation, Premium Coal Company, Inc., and Justice Coal of Alabama, LLC pay $3,192,000 in Stipulated Penalties within 30 days as required

3

under ¶ 85 of the CD. Exhibit 4; (Docket No. 21, ¶ 85).  In addition, because of the serious and/or repeated deficient or late performance of the Work under the CD, the United States demanded that Defendants Southern Coal Corporation and Premium Coal Company, Inc. take all necessary steps to cease the unpermitted discharges at the sites identified in Tennessee and comply with the CD and the CWA within 30 days of receipt of the U.S. Demand. Exhibit 4.  In accordance with ¶ 67 of the CD, the United States demanded that Defendants Southern Coal Corporation and Premium Coal Company, Inc. implement the corrective actions identified in the U.S. Demand within 30 days.  (Docket No. 21, ¶ 67); Exhibit 4.  The U.S. Demand provided notice that, should Defendants Southern Coal Corporation and Premium Coal Company, Inc. fail to cease the unpermitted discharges in Tennessee by taking the specific corrective action measures as specified in the U.S. Demand, the U.S. Environmental Protection Agency ("EPA") would implement the procedures provided under ¶¶ 67-74 of the CD regarding an EPA draw-down on the Defendants' required financial assurances, and initiating a third-party Trustee's responsibility to hire and fund contractors to perform the work in accordance with ¶ 68 of the CD.  Exhibit 4; (Docket No. 21, ¶¶ 67-74).

Defendants Southern Coal Corporation and Premium Coal Company, Inc. failed to timely complete the Work as specified in the U.S. Demand.  *See,* Exhibit 5, ¶ 7.[4]  In addition, Defendants Southern Coal Corporation, Premium Coal Company, Inc., and Justice Coal of Alabama, LLC have failed to pay $3,192,000 in stipulated penalties as specified in the U.S. Demand as required under ¶ 92 of the CD. (Docket No. 21, ¶ 92).

---

[4] On or about January 11, 2021, Defendants Southern Coal Corporation and Premium Coal Company, Inc. finally completed all punch list items required by the Tennessee Department of Environment Conservation ("TDEC") to stabilize the sites during the winter.  *See,* Exhibit 5, ¶ 8; and Exhibit 6.  Additional work may be required in the spring after snow- melt to fully stabilize the sites.  *See,* Exhibit 5, ¶ 9.

4

## STANDARD FOR MOTION AND MEMORANDUM IN SUPPORT

Pursuant to Local Rule 11(c) of W.D. Va. Gen. R., Plaintiffs, the United States, the State of Alabama, and the State of Tennessee file this Memorandum in Support of the Governments' Motion to Compel Compliance with the CD.

## ARGUMENT

This Court specifically retained jurisdiction in this case for the purpose of "effectuating or enforcing compliance with the terms of this Decree." (Docket No. 21, ¶ 134). In addition, this Court has inherent authority to enforce the terms of the December 19, 2016 CD. *See Thompson v. U.S. Dep't of Housing & Urban Dev.*, 404 F.3d 821, 833 (4th Cir. 2005) ("the court's inherent authority over its own judgment would have provided it with the continuing authority to enforce the Consent Decree").

The Defendants have failed to maintain consistent satisfactory compliance with the CD, have failed to timely comply with all work requirements required by the CD, and have failed to pay accrued stipulated penalties as required by the CD. In addition, the Defendants Southern Coal Corporation, Premium Coal Company, Inc., and Justice Coal of Alabama, LLC have not submitted to the United States or the States of Tennessee or Alabama a written Notice of Dispute, thereby invoking Dispute Resolution, concerning the demanded work at the Tennessee sites or the Stipulated Penalties, their exclusive mechanism to resolve disputes arising under or with respect to the CD.[5] (Docket No. 21, ¶ 108). Defendants Southern Coal Corporation,

---

[5] On December 10, 2020, the Defendants submitted a written Notice for Dispute Resolution objecting and requesting that the United States reduce the amount of financial assurance that the U.S. would draw down from the Defendants' remaining financial assurance for failure to complete the work (due on October 2, 2020) at the Tennessee sites. *See,* Exhibit 7. The Defendants' December 10, 2020 Notice for Dispute Resolution, however, did not object to or discuss the demanded work or the stipulated penalties in the U.S. Demand. On December 11, 2020, the United States responded to the Defendants' request and Demand for Dispute Resolution, indicating that EPA did not accept the Defendants' request/proposal. *See,* Exhibit 8. Defendants did not invoke Formal Dispute Resolution within 10 days after the conclusion of the informal negotiation period (January 19, 2021), and therefore, the refusal by the United

Premium Coal Company, Inc., and Justice Coal of Alabama, LLC therefore, are precluded from raising any defense to this motion by the Governments to enforce the relevant Defendants' obligations under the CD. *Id.*

1. **Defendants Southern Coal Corporation and Premium Coal Company, Inc. failed to timely complete the Work as specified in the U.S. Demand as required by this Court under the CD.**

Defendants Southern Coal Corporation's, Premium Coal Company, Inc.'s, and Justice Coal of Alabama, LLC's noncompliance includes the failure to timely comply with the CWA as required by ¶ 22 of the CD, which provides that "Defendants shall perform the work required by this Consent Decree in compliance with the requirements of all applicable federal, state, and local laws, regulations, and permits." (Docket No. 21, ¶ 22).  In addition, Defendants Southern Coal Corporation, Premium Coal Company, Inc., and Justice Coal of Alabama, LLC have failed to comply with ¶ 29 of the CD which provides that "[w]here any compliance obligation under this Decree requires Defendants to obtain a federal, state, or local permit or approval, Defendants shall submit timely and complete applications and take all other actions necessary to obtain all such permits or approvals." (Docket No. 21, ¶ 29).  Furthermore, the relevant Defendants are required, under ¶¶ 22, 29, and 63 of the CD, to take "all necessary additional actions to comply with the Defendants' NPDES permits for the term of the Consent Decree." (Docket No. 21, ¶¶ 22, 29, ad 63)

Pursuant to ¶ 67 of the CD, on September 2, 2020, the U.S. Demand required Defendants Southern Coal Corporation and Premium Coal Company, Inc. to complete necessary work at

---

States to accept the Defendants' request and proposal is binding under the terms of the CD.  (Docket No. 21, ¶ 109).  Nor did the Defendants seek judicial review of the dispute within the timeframe required by the CD.  (Docket No. 21, ¶ 112).

Tennessee sites within 30 days (by October 2, 2020). (Docket No. 21, ¶ 67); Exhibit 4. Although the work at the Tennessee sites was finally completed on or around January 11, 2021, as a result of delays in completing the work, and/or implementing necessary work in anticipation of the approaching winter weather, some additional work still may be needed in the spring. *See* Exhibit 5, ¶¶ 8-9. TDEC performed numerous follow-up inspections and documented uncompleted work and non-stabilized soil erosion conditions on November 17 and 19, 2020, December 5 and 9, 2020, and January 11, 2021. *See* Exhibit 5, ¶ 6 and TDEC Inspection Report Attachments. Since the U.S. Demand was issued, Tennessee officials have continued to meet and work with Defendants' contractors to stabilize the sites and additional work still may be needed after snow-melt in the warming spring months. *See* Exhibit 5, ¶¶ 7 and 9, and Exhibit 6.[6]

2. **Defendants Southern Coal Corporation, Premium Coal Company, Inc., and Justice Coal of Alabama, LLC have failed to pay $3,192,000 in stipulated penalties as specified in the U.S. Demand as required by this Court under the CD**.

Defendants Southern Coal Corporation, Premium Coal Company, Inc., and Justice Coal of Alabama, LLC are subject to stipulated penalties pursuant to ¶ 85 of the CD. (Docket No. 21, ¶ 85). The total stipulated penalties due for failure to comply with the terms of the CD is $3,192,000, as indicated in the U.S. Demand. *See* Exhibit 4, Attachments A and B.

On September 2, 2020, the United States delivered to Defendants Southern Coal Corporation, Premium Coal Company, Inc., and Justice Coal of Alabama, LLC, the U.S.

---

[6] Due to the Defendants Southern Coal Corporation's and Premium Coal Company, Inc.'s failure to timely implement and complete the necessary work as required in the U.S. Demand, on December 11, 2020, the United States withdrew $1,500,000 under the Defendants' financial assurance as provided under ¶ 68 of the CD initiating the procedures for a third party Trustee to complete the work. Since Defendants Southern Coal Corporation and Premium Coal Company, Inc. have subsequently performed additional work in an effort to secure the Tennessee sites during the winter weather conditions, the United States and Tennessee have not yet directed the third-party Trustee to perform the necessary work, and will defer such directions until the spring to allow the Defendants to complete any necessary stabilization work. *See* (Docket No. 21, ¶¶ 68 and 73).

Demand, requiring those Defendants to pay of $3,192,000 in stipulated penalties within 30 days (by October 2, 2020) in accordance with ¶¶ 92, 94, 98, and 99 of the CD. *See,* Exhibit 4; (Docket No. 21, ¶¶ 92, 94, 98, and 99).[7] [8] As of the date of this filing, the Defendants Southern Coal Corporation, Premium Coal Company, Inc., and Justice Coal of Alabama, LLC have failed to pay any stipulated penalties identified in the U.S. Demand as required under the CD entered by this Court. *See,* Exhibit 9, ¶ 7.

## CONCLUSION

For all of the foregoing reasons, the United States, the State of Alabama, and the State of Tennessee respectfully request that the Court:

(1) Order the Defendants Southern Coal Corporation and Premium Coal Company, Inc., to complete all work at the Premium Coal Refuse Area #2, Premium Coal Mine 5A, and Premium Coal Mine 20 Tennessee sites on or before April 30, 2021 as required by this Court under the terms of the CD, and as specified in the U.S. Demand and approved by Tennessee; and

(2) Order the Defendants Southern Coal Corporation, Premium Coal Company, Inc., and Justice Coal of Alabama, LLC to pay $3,192,000 in stipulated penalties within 10 days of entry of the proposed order as required by this Court under the terms of the CD. (A proposed order is attached as Exhibit 10).

---

[7] The U.S. Demand also included Defendant National Coal, LLC for its failure to submit timely permit applications and/or maintain required permit coverage pursuant to the CWA NPDES at sites in Tennessee, but TDEC determined that because the sites were sufficiently stable enough to protect water quality, new permits are not now required. As a result, the United States did not seek work at the National Coal, LLC sites (or at five Premium Coal Company, Inc. sites), or stipulated penalties for National Coal, LLC's permit application violations.

[8] The U.S. Demand inadvertently identified ¶ 94 of the CD for stipulated penalty payment allocations to the Governments. Since the U.S. Demand for stipulated penalties is for non-compliance with the CD under ¶ 85 of the CD, ¶ 93 (not ¶ 94) is the appropriate reference for stipulated penalty payment allocations as provided in ¶ 92 of the CD. *See* (Docket No. 21, ¶ 92)

Respectfully submitted,

JEAN E. WILLIAMS
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

*/s/ Patrick Casey*
PATRICK CASEY (FL Bar No.: 731048)
Senior Counsel
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-1448
Email: patrick.casey@usdoj.gov

DANIEL P. BUBAR
Acting United States Attorney
Western District of Virginia

KRISTA CONSIGLIO FRITH (VSB No.: 89088)
Assistant United States Attorney
United States Attorney's Office
P.O. Box 1709
Roanoke, VA 24008-1709
Tel: 540-857-2956
Email: KFrith@usa.doj.gov

OF COUNSEL:

MELISSA RAACK
Attorney-Advisor
U.S. Environmental Protection Agency
Office of Enforcement and Compliance Assurance
1200 Pennsylvania Avenue, NW
Washington, D.C. 20460

KAVITA K. NAGRANI
Associate Regional Counsel
U.S. Environmental Protection Agency, Region IV
61 Forsyth Street, S.W.
Atlanta, Georgia 30303

DOUG FRANKENTHALER
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, Pennsylvania 19103

FOR THE STATE OF ALABAMA

                               Robert Tambling (AL Bar No. ASB-6026-N67R)
                               Assistant Attorney General
                               State of Alabama
                               Montgomery, Alabama 36130-1463
                               Tel: (334_ 242-7445
                               Email: rtambling@ago.state/al.us

FOR THE STATE OF TENNESSEE

        HERBERT H. SLATERY III
        Attorney General and Reporter
        State of Tennessee

        _/s/ Wilson S. Buntin_
        WILSON S. BUNTIN (TN Bar No. 023231)
        Senior Assistant Attorney General
        Tennessee Attorney General's Office
        Environmental Division
        P.O. Box 20207
        Nashville, TN 37202
        Tel: (615) 253-5118
        Email: wilson.buntin@ag.tn.gov

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing was served upon all counsel of record through the court's CM/ECF system on this 11th day of March, 2021.

                                                               */s/ Patrick Casey*
                                                               Senior Counsel
                                                               Environmental Enforcement Section
                                                               Environment and Natural Resources Section
                                                               United States Department of Justice