*U.S. v. Southern Coal Corporation,* Civil Action No. 7:16-cv-00462-GEC

# Exhibit 7

LAW OFFICES
**CAREY, DOUGLAS, KESSLER & RUBY, PLLC**
901 CHASE TOWER
707 VIRGINIA STREET, EAST
P. O. BOX 913
**CHARLESTON, WV 25323**

MICHAEL W. CAREY
ROBERT E. DOUGLAS
JOHN A. KESSLER
STEVEN R. RUBY
DAVID R. POGUE
RAYMOND S. FRANKS II
S. BENJAMIN BRYANT

TELEPHONE (304) 345-1234
TELEPHONE (304) 342-1111
FACSIMILE (304) 342-1105

December 10, 2020

**VIA EMAIL & U.S. MAIL**
**Patrick.Casey@usdoj.gov**

Patrick M. Casey, Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
PO Box 7611
Washington, D.C. 20044

**RE:** ***United States, et al. v. Southern Coal Corporation, et al.***
**Civil Action No. 7:16-cv-00462-GEC**
**U.S. District Court for the Western District of Virginia**

**DEMAND FOR DISPUTE RESOLUTION**

Dear Pat:

As a follow up to our conversation, I am specifically requesting that your sight draft be modified to include only sufficient monies to perform the remaining work at the three sights in Tennessee specified in your Notice of Default letter. In this regard, as we have discussed, TDEC believes there is certain follow up work that needs to be done to prevent erosion from the sights that were recently reclaimed and seeded by the company's contractor. To this end, paragraph 67 of the Consent Decree states that, "In the event EPA determines that defendants are seriously or repeatedly deficient, or late in the performance of the work;" then EPA may issue a Default

LAW OFFICES
**CAREY, DOUGLAS, KESSLER & RUBY, PLLC**



Notice. Said notice shall, "specify the grounds upon which such Default Notice was issued, the aspects of the work that must be performed, and the period of time" in which the prescribed work must be completed." Paragraph 68 then goes on to say if, after expiration of the specified period provided in the Notice of Default, the specified Work has not been performed to the EPA's satisfaction, EPA may at any time thereafter present a sight draft under the Letter of Credit" to Carter Bank which shall pay the amount immediately to the Standby Trust, thereby initiating the Trustee's trust responsibility to hire and fund contractors to satisfactorily perform the specified work."

Accordingly, this sight draft must be limited solely to perform the work specified in the Notice of Default. As you are aware, the Default Notice only specified work for the three sights in Tennessee. You yourself said the estimates that you have seen to complete the work may be as much as $200,000. Therefore, I formally object and believe it to be a violation of the Consent Decree for your sight draft to be in any amount in excess of $200,000. I ask that you modify the sight draft and advise Carter Bank to simply send $200,000 to the Trustee. If you disagree, I would like to invoke the Dispute Resolution provisions under Section XII of the Consent Decree.

Very truly yours,

Michael W. Carey

MWC/nes
cc: James C. Justice, III, President
Stephen W. Ball, CFO